# DRANE vs. GUNTER.

1. When no provision is made in the deed for the resignation of the trustee therein appointed, there are but two ways in which the trustee can resign his trust after having once accepted it, viz., in the summary manner pointed out in the statute, (Clay's Dig. 581,) or by the permission of a Court of Chancery.

2. An instrument in writing executed by the trustee, purporting to be a resignation of his trust and a transfer of the trust estate to another person, as trustee, with the consent and approbation of the *cestuis que trust,* creates no vacancy in the trusteeship until ratified by the court, when the deed confers no such power on the trustee.

ERROR to the Chancery Court of Lowndes. Tried before the Hon. J. W. Lesesne,

JUDGE, for plaintiff in error.

J. B. STONE, *contra.*

COLEMAN, J.—Walter Drane and Louisa Collins, and her four infant children, by W. Drane, as their next friend, filed the bill in this case, alleging that one Wiley Collins, the husband of said Louisa, and father of the four children, had executed and delivered to the defendant a deed, whereby he conveyed to defendant certain negroes and personal property in trust for said Louisa and her children, for whose use and benefit the defendant was authorized and required by the deed to take possession of, manage and control the property; that the defendant executed the deed, accepted the trusts therein, and acted as trustee for some months; that in December, 1845, defendant, at the request of said Louisa, by an instrument of writing, declared his resignation of said trust, and transferred the trust property to Drane; that defendant had ceased to act as trustee, and that Drane had taken possession of the property, and was performing all the duties of trustee; that defendant had declined to act in the said trust and was desirous to be discharged therefrom, but because no power is reserved in the deed for the appointment of a new trustee, and the discharge of defendant from said trusts, the complainants ask the court to appoint Drane trustee in the place of Gunter, and that he be discharged from the trusts of the deed. The defendant admits the execution of the deed, and that he accepted the trust, &c., and that in December, 1845, he signed said instrument of writing, but insists that in signing the same he did not intend, and did not understand, that he thereby authorized the appointment of Drane as trustee in his stead; that Drane procured the execution of said instrument by deceiving the defendant, and misrepresenting to him the object and

effect thereof. He denies that he has ever refused, failed or declined to act as trustee, or that he is desirous to be discharged from the duties thereof, and avers his entire willingness to execute the trusts of the deed; that he has the trust property in his possession and under his management; that the said Wiley Collins and the said Louisa, (who is the sister of the defendant) have become greatly dissatisfied with said Drane and his. management of the property, and are anxious that defendant should continue to act as trustee, &c.

The special object of the bill seems to be to ask the court to appoint a new trustee, in the place of one who is willing to resign his trust.

There are but two ways by which a trustee can resign a trust like the one under consideration, after he has accepted it. One mode is by resignation in the summary mode pointed out by our statutes, and upon rendering a full and complete account of the estate. The other mode is by resignation by permission of a Court of Chancery, when the trustee should also be required to render a full account of the estate. The latter mode of proceeding has certainly not been taken away by the statute creating the former mode.

A trustee who has accepted a trust certainly has not the right to resign it at his pleasure to a court of equity. It is laid down in Hill on Trustees, (544,) that a trustee who has accepted the trust must not, capriciously and without reason, refuse to act, but that under certain circumstances he has a right to come to a court of equity to be relieved from the trust. In this case the defendant does not ask the court to be relieved from the trust ; on the contrary, he asserts his entire willingness to execute the trusts, and resists the appointment of another trustee. The instrument of writing referred to, until ratified by the court, creates no vacancy in the trusteeship.

It is insisted that a case is made out for the removal of the defendant from the office of trustee. We fully recognize the doctrine that courts of equity not only hold trustees responsible for the proper execution of trusts, but will, for sufficient cause shown, remove old trustees and substitute new ones.—Story's Eq. Juris. § 1287. But the bill in this case is evidently not framed with the view of removing the defendant from the trusteeship. No ground of removal is alleged, and the question of

removal is not put in issue by the pleading. In no aspect of the case, as here presented, do we consider the court authorized to appoint Drane trustee, as sought by the bill.

The decree of the chancellor is therefore affirmed, and it is ordered that complainants' bill be dismissed without prejudice.