# Dillard and Wife *v.* Winn.

*Statutory Action in nature of Ejectment.*

1. *Resignation of trustee; withdrawal of, and subsequent sale.*—A trustee' with power of sale, appointed by a deed given to secure the payment of a debt, having tendered his resignation to the register in chancery, as provided by law (Code of 1876, § 3727), may nevertheless withdraw it, at any time before final action has been taken on it by the register, and execute the power of sale conferred by the deed.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN HENDERSON.

This action was brought by Mrs. Willie G. Winn, against A. W. Dillard and M. C. Dillard, his wife, to recover the possession of a tract of land ; and was commenced on the 10th April, 1876. The land had been sold and conveyed by the plaintiff, on the 2d October, 1872, to Mrs. M. C. Dillard, who, with her said husband, gave their several promissory notes for the purchase-money, the last maturing on the 1st January, 1876; and said Dillard and wife at the same time con-

veyed the land by deed to George G. Lyon, as trustee, to secure the payment of the said notes, and authorized him to sell if default should be made in their payment. The trustee indorsed on the deed his acceptance of the trust; and on the 8th April, 1876, default having been made in the payment of the notes, and due notice of the sale having been given, he sold the land under the power contained in the deed, the plaintiff becoming the purchaser at the sale, and receiving the trustee's deed. On the trial, as the bill of exceptions states, the plaintiff offered these three deeds in evidence, the proper execution of which was admitted; "and it was admitted, also, that if said Geo. G. Lyon had authority to sell, the sale by him was fairly made, and in full compliance with the requirements of the deed to him as trustee." The defendant offered in evidence a certified transcript from the records of the Chancery Court of Marengo, showing the proceedings therein had on the petition of said Lyon, tendering his resignation as trustee under the deed, and asking that a "day be appointed, and proceedings be had as by law directed in such cases." This petition was filed, as the transcript showed, on the 10th January, 1876; and the register thereupon appointed the 24th January, for the hearing of the petition, and ordered notice to be given to Mrs. Winn, and to Dillard and wife. Notice was given to all the parties, as required by the register's order; but the transcript does not show that anything was done in the matter on the day appointed. On the 6th March, 1876, Lyon wrote to the register, withdrawing his resignation; and the register seems to have allowed the withdrawal. On the 5th April, Dillard moved before the register to vacate the order allowing Lyon to withdraw his resignation, because it was made without notice, or to amend that order, *nunc pro tunc*, so as to require notice to be given; and the register made an order, on the same day, granting an amendment of the former order, and requiring notice to be given of "the said application to withdraw said resignation." These are all the facts shown by the transcript; and the above being all the evidence in the case, "the court charged the jury, in substance, that under the evidence the plaintiff was entitled to recover the possession of the premises sued for." The defendants excepted to this charge, and they here assign it as error.

SNEDECOR & COCKRELL, with whom were RICE, JONES & WILEY, cited *Shepherd v. McEvers*, 4 Johns. Ch. 136; *In re Van Schoonhaven*, 5 Paige, 559; *Wilson v. Troup*, 2 Cowen, 195; *Fanning v. Dunham*, 5 Johns. Ch. 122; *Hunt v. Acre*, 28 Ala. 598.

[Dillard and Wife v. Winn.]

WATTS & SONS, with W. E. & R. H. CLARKE, contra.

MANNING, J.—The determination of this cause turns upon the question, whether the trustee, George G. Lyon, had, before he sold the land in controversy to appellee (plaintiff below), divested himself of the title and power of trustee. To this end, he had made application to the register in chancery, under the chapter beginning with section 3727 (3447) of the Code of 1876, tendered his resignation, and asked that a day be set for the determination of the matter, and his discharge from responsibility. But, before final action thereupon, or any decision or ruling made upon his application, he withdrew the tender of his resignation, and continued to act as trustee, and sold the land. "It was agreed on both sides, that, if he had the power to sell, the sale was made in strict compliance with the provisions of the trust-deed to him ; and all the evidence was agreed upon, or consisted of deeds, copies of proceedings before the register, and other writings.

The rule of law is, that one who has accepted the title to real property as trustee, and undertaken to perform the duties of that relation, can not [divest himself of them at pleasure. In the absence of provisions to that effect in the deed or instrument creating the trust, or of a statute authorizing it, he can not resign his trusteeship, or be discharged thereof, except by the decree of equity ; "and the reason is, that if the estate has once vested in the trustee, it can not be devested by a mere disclaimer, or renunciation ; nor can he convey the estate, against the consent of the *cestuis que trust*, without committing a breach of trust."—1 Perry on Trusts, § 268. And this doctrine was held to be applicable to a trustee of personal property, in *Drane v. Gunter*, 19 Ala. 731.

The sections (3727 to 3731) under which the application was made by Lyon, and his resignation tendered, with a prayer "that a day be appointed, and proceedings be had as directed by law in such cases," provide for a settlement of the trusteeship, and a granting of the application for a discharge. Section 3731 enacts : "The register, on the granting of such application, may appoint a trustee," &c. In this case, there was no granting of the application, and no other trustee was appointed. The title remained in Lyon, and his sale conveyed it to appellee.

It is ingeniously attempted to be shown, by reference to some cases in New York, that the power to sell mortgaged property to pay the debt, may be conferred on the mortgagee, by an instrument separate from the mortgage ;

and thence to argue, that this power may be renounced, without interfering with the title to the property in the mortgagee, or the right to have it appropriated, through a court of equity, to the payment of the debt. Suppose the argument be sound, how does it touch this case? Lyon was not the creditor with a mortgage: he is a trustee, to whom the title to the property was conveyed, to enable him, as trustee, to sell it to pay a debt to the creditor. He did not propose to resign, if he could do so, the . mere power to sell, but to divest himself of the title he had as trustee, as well as of the duties of that relation—of the whole, and not of a part ; and this not being accomplished, his application was withdrawn, and all proceedings thereupon were discontinued, leaving in him the estate and powers which the trust-deed conveyed to and conferred upon him. There is nothing in the authorities referred to on behalf of appellant, to repel the plain conclusion that the trustee's authority to sell and convey were unimpaired, when the property was sold, and appellee became the purchaser.

Let the judgment of the Circuit Court be affirmed.