# Muskegon Valley Furniture Co. *v.* Phillips & Brother.

*Bill in Equity to Set Aside an Alleged Fraudulent Conveyance.*

1. *Fraudulent conveyance; transfer of partnership assets for payment of individual debts.*—On a bill filed by creditors of an insolvent partnership to set aside as fraudulent a conveyance of the partnership assets, it was shown that one member of the partnership had been a member of three successive firms, the first two of which had sold out to the third; that his co-partner was a member of the third firm only, and had no interest in the other firms; that loans had been made to the first two firms, and to the first mentioned partner individually, for which the notes of the third firm had been given by such partner, without the knowledge or consent of his co-partner, and without any new consideration for the assumption by such firm of the debts of the other firms; and that while the third firm was insolvent, there was a transfer of its assets to the person who had made such loan in satisfaction thereof. *Held:* that such conveyance by the third firm was fraudulent as to its creditors.

2. *Same; fraudulent vendee must account for the value of the property taken beyond the jurisdiction of the court.*—Where a conveyance is fraudulent as to the grantor's creditors, the fraudulent vendee, if he has taken the goods conveyed beyond the jurisdiction of the court, must account for the fair value thereof as of the time and place he received them, with interest.

3. *Same; must account for choses in action.*—Where, in a fraudulent conveyance there is included choses in action, the fraudulent vendee must account for the fair value of such choses in action as at the time and place he received them, with interest, taking into consideration the reasonable cost of collection.

APPEAL from the Chancery Court of Jefferson.

Tried before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellants as creditors of I. Phillips & Bro., and sought to have set aside as fraudulent and void a conveyance of their property to one Joseph Biederman. The facts of the case are sufficiently stated in the opinion.

Upon the submission of the cause on the pleadings and proof, the chancellor decreed that the complainants

were not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the present appeal is taken, and the same is here assigned as error.

MOUNTJOY & TOMLINSON, for appellants.—1. Where a partnership, after it has become insolvent, makes conveyance of its property in payment of the individual debt of one of the partners, such conveyance is fraudulent as to existing creditors, because there is a reservation of a benefit.—*Pritchett v. Pollock & Co.*, 82 Ala. 169; *Wilson v. Robertson*, 21 N. Y. 587; *Burton v. Tisdale*, 4 Barb. 625; *Knauth v. Bassett*, 34 Barb. 31; *Geortner v. Trustees*, 2 Barb. 625; *Keith v. Fink*, 47 Ill. 272.

2. A transfer of partnership property to pay the individual debt of one of his partners, although made with the consent of the other partners, is fraudulent and void as to the creditors of the firm, unless the firm was at the time solvent, and sufficient property remained to pay the partnership debts.—*Menagh v. Whitwell*, 52 N. Y. 146; *Walker v. Bank*, 98 Pa. St. 574; *Goodbar v. Cary*, 16 Fed. Rep. 316; *Patterson & Co. v. Seaton*, 70 Iowa, 689; *Phillips v. Ames*, 5 Allen, 183.

3. Where a fraudulent grantee has disposed of, or put beyond the jurisdiction of the court, property sought to be subjected, he becomes liable for the value of the same.—*Anniston Carriage Works v. Ward*, 101 Ala. 670; *Ringold v. Seister*, 13 S. E. Rep. 46; *Coale v. Moline Plow Co.*, 25 N. E. Rep. 1016; *Chamberlain v. O'Brien*, 48 N. W. Rep. 447; *Dilworth v. Curts*, 29 N. E. Rep. 861.

LANE & WHITE, *contra.*—Fraud is never presumed; and if the transaction is consistent with honest intention and fair dealing, it will be upheld by the courts.—*Cromelin v. McCauley*, 67 Ala. 542; *Donley v. McKiernan*, 62 Ala. 35.

"While one partner has no right to bind the firm for his individual debt, without the consent of the other partner," still this consent may be expressed or implied, and we are led irresistably to the conclusion of an implied consent from the fact that we find both members of the firm paying the notes which had been given by I. Phillips & Brother, without any question of their validity and legality.—*Tyree v. Lyon*, 67 Ala. 4.

HEAD, J.—On January 14, 1892, I. Phillips & Bro., a partnership composed of I. Phillips and A. Phillips, engaged in the furniture business, in Birmingham, Ala., sold to Joe Biederman certain articles of furniture from their stock; at the price of $1,249, and also assigned to him practically all their choses in action which had accrued in said partnership business, amounting in the aggregate to $6,347.95, but which were taken at a valuation of seventy-five per cent. of face value, amounting to $4,760.96. It is claimed that I. Phillips & Bro. were then indebted to Biederman in the sum of $8,531.60, and that these transfers were made in part payment of that indebtedness. Biederman was a brother-in-law of I. Phillips, but not related to A. Phillips. Taking his, Biederman's testimony for information, it appears there were three successive partnerships of which I. Phillips was a member. The first was Phillips & Berger, engaged in a business of some kind, not stated, at Sweetwater, Tenn.; the second was I. Phillips Bros. & Co., but where located, in what business engaged when formed, or of whom composed (except that I. Phillips was a member), is not stated; the last, I. Phillips & Bro., engaged in the furniture business, as aforesaid, in Birmingham, Ala.; but when formed, is not stated. It is inferable from the statement of the witness that Phillips & Berger sold out to Phillips Bros. & Co., and I. Phillips Bros. & Co. sold out to I. Phillips & Bro., that the several firms carried on the same character of business.

On October 11, 1884, Biederman loaned Phillips & Berger, at Sweetwater, $1,500, and on December 6, 1884, $200, and on February 27, 1891, I. Phillips & Bro., in Birmingham, executed to him their note for the same, with compound interest at 8 per cent. per annum, aggregating $2,719.69. On September 13, 1886, he loaned I. Phillips Bros. & Co. $1,000, and on January 1, 1891, took the note of I. Phillips & Bro. for $1,395.31, therefor. On September 14, 1886, he loaned the same firm $1,000, and, on January 2, 1891, took the note of I. Phillips & Bro. for $1,420.19, therefor. On September 26, 1887, he loaned the same firm $1,000, and, on January 1, 1891, took the note of I. Phillips & Bro. for $1,287.49, therefor. In April, June and August, 1889, and October 1890, he loaned I. Phillips divers specified sums of money for the expenses of said

OF ALABAMA. 317

[Muskegon Valley Furniture Co. v. Phillips & Brother.]

Phillips and family on an extended visit to Europe, aggregating November 19, 1891, $900, for which he then took the note of I. Phillips & Bro. The notes above mentioned, except, it may be, the last, each included compound interest from the dates of the several loans, to the dates, respectively, of the notes. When the loans, other than the European expenses, were made, the checks for same were given to I. Phillips, and I. Phillips executed the said notes, years afterwards, given in the name of I. Phillips & Bro. There is no evidence whatever, or effort even to prove, that A. Phillips, the other member of I. Phillips & Bro., had any connection with, or interest in, the loans made to the two preceding firms, or connection with or interest in either of said firms, or that he was, in any wise, legally or morally bound for the repayment of the loans; nor was there an effort to prove that he had anything to do with, or knowledge of the execution of the notes by I. Phillips, in the name of I. Phillips & Bro., and there is no pretense of any new consideration shown for the assumption of the debts by I. Phillips & Bro. There was not even an extension of payment, as the notes were made payable one day after date.

As to the money borrowed by I. Phillips for the European expenses, it is not pretended that the firm had anything to do with it, except that I. Phillips undertook, as Biederman testifies, to assume firm liability for it, though confessedly the money was loaned by Biederman to enable I. Phillips to take his family to Europe for the benefit of the health of Mrs. Phillips. It is not shown, or attempted to be shown, that A. Phillips knew anything about those loans, or ever, in any manner, assented to the assumption of them by his firm, or knew that I. Phillips had executed the notes therefor.

Upon this state of proof, it seems scarcely necessary to say, that no legal liability rested upon the partnership of I. Phillips & Bro. for any of the indebtedness. Upon all the evidence introduced by the respondent, no recovery could have been had against the partnership, in its firm name, or against A. Phillips, in any action upon either of the notes, defended upon the plea of the want of consideration. Indeed, the proof adduced here, would defeat recovery against A. Phillips, in such an action, upon the plea of *non est factum*.

At the time of the transfers to Biederman, sought by the bill in this case to be vacated by creditors of I. Phillips & Bro., that firm was largely insolvent, owing among others the debts claimed by the several complainants. As against the rights of these creditors, the said alleged claims of Biederman would not in view of the insolvency of I. Phillips & Bro. afford valid consideration for the transfer to him by I. Phillips & Bro. of their assets. Such a transfer by an insolvent or failing firm is a fraud on the firm creditors. Those assets should have been applied to the payment of their partnership debts. *Pritchett v. Pollock*, 82 Ala. 169 ; *Loveman, Jares & Co. v. Lesser*, 110 Ala. 673 ; Bates on Partnership, § 566.

It appears that the furniture received by Biederman was carried by him to Ohio, hence, beyond the jurisdiction of this court. He must, therefore, account for the fair value thereof at the time and place he received it from I. Phillips & Bro., with interest. The choses in action were in part reduced to money by Biederman. The balance he retained in process of collection. He must account for their fair value at the time and place he received them, with interest, taking into consideration, in his favor, the reasonable cost of collection. For the total amount found to be due, personal decrees may be rendered against him severally in favor of the several complainants for their respective distributive interests therein.

The decree of the chancery court is reversed, and a decree here rendered granting complainants relief, and referring it to the register to ascertain and report to the chancery court the fair value of the said property and choses in action received by said Biederman at the time and place he received the same, allowing reasonable cost for collecting the choses in action, and computing interest thereon to the time of the reference. He will also ascertain and report the amount due each complainant at the time of the reference. Upon the coming in and confirmation of the report, the chancellor will render a proper decree consistent with the principles of this decision. The disposition of costs and allowances is reserved for the consideration and action of the chancellor. The cause will be remanded.

Reversed, rendered and remanded.