29 So.2d 136

## McCARTY v. GANT.

### 6 Div. 497.

Supreme Court of Alabama.
Jan. 16, 1947.

Rehearing Denied Feb. 20, 1947.

Hugh A. Locke, Wade H. Morton and Robt. C. Garrison, all of Birmingham, for appellant.

Rosenthal & Rosenthal, A. Leo Oberdorfer and Ormond Somerville, all of Birmingham, for appellee.

BROWN, Justice.

This appeal is from a final decree of the Circuit Court of Jefferson County in equity denying relief to Blanche ·K. McCarty on her motion or petition to charge appellee Gant and the surety on his bond as administrator de bonis non cum testamento annexo of the estate of W. C. McCarty, deceased, as trustee of the assets of the Local Finance Company, a corporation.

The petition alleged in substance that Gant, as Trustee, acting under the provisions of the will of W. C. McCarty, deceased, had accepted said trusteeship and assumed control in the operation of the Local Finance Company, Inc., a body corporate, existing under the laws of the State of Alabama, created by articles of incorporation filed in the office of the Judge of Probate of Jefferson County, Alabama, by Mrs. W. E. Gant, Mrs. James W. Hamner, nee Kathleen Hayes, and W. C. McCarty, Jr., the stockholders named in the articles of incorporation, who held all of the outstanding stock of said corporation that said stockholders were the children of the said W. C. McCarty, deceased; that Gant had assumed control over, converted and dissipated the assets of said corporation. The petition and motion to charge alleges that Gant denied the right, title, claim and interest of the petitioner and movant in and to any of the assets of said Local Finance Company.

As answer to the petition Gant alleged:

"1. That he refused to serve as said trustee.

"2. That he filed his resignation as said trustee on July 28, 1938.

"3. That no money or other property came into his hands as trustee under the will and testament of W. C. McCarty, Sr., deceased."

The appellant bases her petition and right to call the appellee to account on the provisions of the 7th and 9th paragraphs of the will.

"7th. That I do give and bequeath the capital stock in the business now conducted by me in the City of Birmingham, Alabama, known as the Local Finance Company to W. E. Gant, my son-in-law, as Trustee, with directions to him to pay over to Kathleen McCarty Hays the sum of $50.00 per month from the proceeds of said business so long as the same may be available; and I do further direct said named Trustee to put said business in charge of my son, Robert E. McCarty, upon such terms of employment as will afford to the said Robert E. McCarty a good and fair living, such compensation to be paid to the said Robert E. McCarty in advance and in such manner that no creditor of the said Robert E. McCarty may reach the compensation and living provided for the said Robert E. McCarty.

\*      \*      \*      \*      \*      \*

"9th. That if the business of the Local Finance Company cannot be conducted at a profit, then I direct that my said named Trustee shall close out the same and deliver the net proceeds derived from the closing of said business to my daughter-in-law, Blanche K. McCarty."

The evidence is without dispute that the persons named in the petition of appellant as stockholders in said Local Finance Company were the only stockholders and that they held all the outstanding stock in said

corporation; that after the death of the testator its operation was continued by Robert E. McCarty, as an employee and W. C. McCarty, Jr., as vice president; that it maintained an active bank account with the First National Bank of Birmingham wherein it deposited its funds; that it continued to operate until its capital was so depleted that it had to borrow money, and finally discontinued business. It further appears without dispute that on the 30th of September, 1938, soon after the death of the testator, all of the stockholders in said corporation, the heirs at law of W. C. McCarty, deceased, and legatees under his will, and Robert E. McCarty and Blanche K. McCarty, the petitioner, joined in a power of attorney conferring full power and authority on Gant as attorney-in-fact to act for them and in their names to do all acts and things that they might or could do in defending litigation that had developed against the estate and to do all things necessary to successfully resist said litigation. Said power of attorney was made irrevocable for ten years.

The evidence shows that a number of checks were drawn on the funds of the Local Finance Company, ten or more, by Gant, as attorney-in-fact, payable to and cashed by the appellant, each of said checks being for $75.00. There is little or no evidence showing 'or tending to show that Gant received any of the assets of the Local Finance Company to his own use. If other checks were drawn by him they were drawn by him as attorney-in-fact for the appellant and others, not as trustee.

Much of the testimony was given ore tenus and the court after due consideration entered the final decree from which this appeal is prosecuted, holding that the appellant had failed to meet and carry the burden of proof imposed upon her by her motion and petition to charge Gant with the value of the assets of said Local Finance Company.

Appellant, however, insists that Gant elected to act as trustee and is in no position under the doctrine of election and estoppel to question the right of W. C. McCarty, deceased, to dispose of the stock and assets of the Local Finance Company under the will. Among other cases cited are Drane v. Gunter, 19 Ala. 731, and Dillard v. Winn, 60 Ala. 285, which hold that one who accepts the title to lands as trustee and undertakes to perform the duties of the relationship cannot divest himself of them at pleasure; and in the absence of provisions in the deed or instrument creating the trust or of a statute authorizing it, "he cannot resign his trusteeship, or be discharged thereof, except by the decree of equity; 'and the reason is, that if the estate has once vested in the trustee, it can not be devested by a mere disclaimer, or renunciation; nor can he convey the estate, against the consent of the cestuis que trust, without committing a breach of trust,' * * *." 60 Ala. 287.

This contention overlooks the fact that the question of whether Gant accepted the appointment as trustee under said will is a disputed issue of fact. The stated rule, however, rests upon the assumption that the instrument creating the trust vested the trustee, upon acceptance, with title to the trust property, or some part thereof. Here, so far as appears, W. C. McCarty, Sr., was without title, legal or equitable, in the stock and assets of the Local Finance Company.

In the case of Barrier v. Kelly et al., 82 Miss. 233, 33 So. 974, 62 L.R.A. 421, on which appellant places much store, the instrument creating the trust conveyed an undivided one-half interest in lands in which the declarer had no title but it also conveyed other property and lands in which the declarer had a good title, which was vested in the trustee nominated for his use by the instrument. The court held under such circumstances that a clear case for election was presented and when the named trustee qualified as such, he became bound by his choice and could not deny or repudiate the title under the instrument.

In the instant case the declarer conferred no rights on Gant personally and in the absence of ownership or title to the corporate stock in the "Local Finance Company", testator's effort to declare a trust in the stock and assets of the corporation was abortive.

Another principle well settled in the law is that, "estoppels * * * are pro-

tective only, and are to be invoked as shields and not as offensive weapons, and that their operation should be limited to saving harmless, or making whole, the person in whose favor they arise, and they should never be the instruments of gain or profit." Stuart v. Strickland, 203 Ala. 502, 504, 83 So. 600, 602; Lindsay v. Cooper, 94 Ala. 170, 11 So. 325, 16 L.R.A. 813, 33 Am.St. Rep. 105; Hundley et al. v. Chadick, 109 Ala. 575, 584, 19 So. 845.

Applying the last stated principle, in the absence of existing right otherwise created, the movant and petitioner (appellant here) cannot invoke the doctrine of estoppel to create a right of action which does not exist.

After the execution of the general power of attorney, conferring on Gant full power to manage and protect the estate against litigation, which was not only signed by all the stockholders in the Local Finance Company but also by appellant and her husband, Gant, as attorney-in-fact, issued a number of checks to appellant (movant) as the evidence shows, about ten amounting to $750.00, which she accepted and cashed. In the face of this evidence movant was in no position to dispute Gant's right to draw out the funds under the authority vested in him by said general power of attorney. And after he had acted under said power of attorney and incurred liability in defending said estate against litigation existing and threatened, the power of attorney was not subject to revocation by the appellant.

The purpose of the proceeding instituted by appellant in the equity court was to charge appellee Gant personally with the full value of assets received and converted by him and to charge his bond, as administrator de bonis non, with such liability. The movant clearly failed in the burden of proof, as pointed out by the decree from which this appeal is prosecuted, and the evidence in part being given ore tenus, we are content to let the results stand. Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.