**GRANITE EQUIPMENT LEASING CORPORATION, Plaintiff,**

v.

**SMITH'S PRIDE FOODS, INC., et al., Defendants.**

**Civ. A. No. 72-M-164.**

United States District Court, N. D. Alabama, S. D.

Jan. 12, 1977.

F. E. St. John, St. John & St. John, Cullman, Ala., Charles L. Denaburg, Denaburg, Schoel, Meyerson & Ogle, Birmingham, Ala., for plaintiff.

Charles Cleveland, Gordon & Cleveland, George I. Case, Jr., Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

This proceeding was commenced by complaint filed February 24, 1972, for judgment on defendant A. J. Smith's guarantee of payments under a leasing agreement.

On June 16, 1972, judgment in the amount of $137,852.67 was entered against this defendant based on default entered on June 6, 1972. Defendant's motion to set aside the default judgment was denied. By interrogatories, plaintiff identified in defendant's hands a parcel of realty described as

lot 25 according to survey of the Berman Addition to Brookhill Forest, as recorded in Map Book 65, Page 35, in the Probate Office of Jefferson County.

Defendant and his wife hold this realty, subject to various encumbrances, as joint tenants with right of survivorship.

Defendant has interposed a claim that it is exempt from execution as his homestead except to the extent that his equity interest exceeds the amount of the homestead exemption. This raises two questions: the first is to the extent of execution which can be had against defendant's joint tenancy. Is it calculable as though the interest subject to execution were a life estate as this defendant contends; or, is execution to proceed on the basis that the estate involved is a fee simple absolute? And secondly, does defendant's homestead exemption extend to the full $2,000.00 allowable under Section 625 of Title 7, Code of Alabama; or, since the realty is the homestead of the defendant and his wife, is defendant's exemption limited to half that amount?

Defendant contends that his interest in the joint tenancy is limited to a life estate, and relies on *Brown v. Andrews*, 288 Ala. 111, 257 So.2d 356 (1972). This is a decision foursquare in favor of the defendant. It involved a judgment debtor whose leviable interest in a joint tenancy with right of survivorship was held to be limited to a life estate.

The analysis in *Brown v. Andrews* is explicitly based on *Bernhard v. Bernhard*, 278 Ala. 240, 177 So.2d 565 (1965), the first definitive exposition of Section 19 of Title 47, Code of Alabama, as it exists today. That section, insofar as it is here pertinent, reads as follows:

When one joint tenant dies before the severance, his interest does not survive to the other joint tenants, but descends and vests as if his interest had been severed and ascertained, provided, however, that in the event it is stated in the instrument

creating such tenancy, that such tenancy is with right of survivorship, or other words used therein showing such intention, then upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument.

The original statute designed to abolish joint tenancies first appeared in Aikin's Alabama Digest of 1833, and was formulated as it appears today in the Code of 1852. The proviso was added in 1945.

The question before the Court in *Bernhard v. Bernhard* was whether the 1945 addition of a right of survivorship brought joint tenancies back in. The Court concluded that it did not. There was still but one form of concurrent ownership in Alabama, tenancy in common; the addition of a right of survivorship was construed as cutting down the interest of the co-tenants to a life estate, while at the same time conferring on them contingent remainders in the whole.

This was the construction placed upon the 1945 addition, and from it the court in *Brown v. Andrews* took its cue. It had been held that contingent remainders are not subject to levy and sale under execution: *Wright v. City of Tuscaloosa*, 236 Ala. 374, 182 So. 72 (1938); *Shrout v. Seale*, 287 Ala. 215, 250 So.2d 592 (1971). Combining the *Bernhard v. Bernhard* and *Shrout v. Seale* lines of authority, in *Brown v. Andrews* the Court deduced that of the two interests held by a joint tenant with right of survivorship—a life estate, and a contingent remainder in the whole—only the life estate was subject to execution.

Now this is changed. Expressly overruling *Bernhard v. Bernhard*, in *Nunn v. Keith*, 289 Ala. 518, 268 So.2d 792 (1972), the Supreme Court reversed itself, holding that Section 19 does re-establish common law joint tenancy. Joint tenancy is described in *Nunn v. Keith* as differing from the common-law estate only in the requirement that the intention to confer a right of survivorship must be clearly expressed in the conveyance, and in the elimination of unity of time of vesting as an essential element of the tenancy. It was further held that the estate is destructible as at common law.

*Nunn v. Keith* expresses the law of Alabama. It was recently followed in *Clements v. Wheeler*, 294 Ala. 187, 314 So.2d 64 (1975), and in *Jones v. Moore*, 295 Ala. 31, 322 So.2d 682 (1975). The construction whereby the leviable interest of a joint tenant with right of survivorship was limited to a life estate has been conclusively repudiated, and if *Brown v. Andrews* were to come on for decision today, there could, in the Court's opinion, be but one result. There is no longer any reason to limit a joint tenant's leviable interest to a life estate. Execution must proceed on the basis that defendant's estate is a fee simple absolute.

■ As for defendant's homestead exemption, it seems clear that it extends to the full $2,000.00. This is the import of Section 625 of Title 7, Code of Alabama:

> The homestead of every resident of this state . . . shall be, to the extent of any interest he may have therein, whether a fee or less estate, or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts
> · · · ·

See, too, Section 205, Alabama Constitution. The homestead exemption is to be liberally construed: *Thompson v. Thompson*, 91 Ala. 591, 8 So. 419 (1890); *McPherson v. Everett*, 277 Ala. 519, 172 So.2d 784 (1965).

Both the statute and the Constitution give defendant an interest in the land subject to execution which suffices to qualify for the exemption. In light of the policy so clearly enunciated by the State courts, this Court is not prone to defeat or to cut down defendant's exemption.

It is important, too, for present purposes to note the connection of the homestead exemption with indebtedness. The exemption extends to "[w]hatever right or claim the debtor may have, which may be subjected to the payment of debts": *Tyler v. Jewitt*, 82 Ala. 93, 98, 2 So. 905, 909 (1886). Any "interest which the debtor may have, whatever may be its frailty, if it is capable

of being subjected to the payment of debts" is potentially subject to the exemption: *Watts v. Gordon*, 65 Ala. 546, 547 (1880).

■ That the property subject to levy and sale is held jointly by the defendant and his wife can make no difference whatever. Section 625 of Title 7, Code of Alabama, and Section 205 of the Constitution both make it plain that the exemption is provided for the benefit of resident owners of an interest in real property subject to the payment of debts. The exemption attaches to the individual, then, not to the realty; and while it is true that no individual can have more than one homestead, it by *no* means follows that one parcel of realty cannot support two exemptions. *Boyle v. Shulman*, 59 Ala. 566 (1877), and *Woodstock Iron Co. v. Richardson*, 94 Ala. 629, 10 So. 144 (1891). In *Boyle v. Shulman*, at page 569, the Court stated:

> It is the *Homestead* only, which is withdrawn . . . from the just claims of creditors. Actual occupation as a dwelling place, as a home, is the characteristic which distinguishes it from other real estate. . . . A man can no more have two homes, than he can have two domicils, at the same time.

No one can have more than a single homestead exemption, then, because no one can have more than a single domicile at the time any given debt arises. But a single parcel of land can be the domicile of more than one person. This is so here; and where, as here, it is further the case that each domiciliary holds a leviable interest in the realty, then and in all such cases the parcel of land must evidently support more than one homestead exemption. There must be as many exemptions as there are qualified domiciliaries, not a single exemption *per* homestead to be divided among the domiciliaries. Defendant is entitled to his homestead exemption in the amount of $2,000.00.