416 So.2d 973 (1982)
Joe L. YATES, Individually; Florene Yates, Individually
v.
Ira V. Wayne GUEST, as Executor of the Estate of Connie Gibson Guest.
Richard YATES
v.
Ira V. Wayne GUEST, as Executor of the Estate of Connie Gibson Guest.
80-11, 80-43.
Supreme Court of Alabama.
June 4, 1982.
Rehearing Denied July 9, 1982.
*974 Thomas M. Galloway and William H. Sisson of Collins, Galloway & Smith and Peter F. Burns of Morgan & Burns, Mobile, for appellants.
M. A. Marsal of Seale, Marsal & Seale and Robert H. Allen of Nettles, Cox & Barker, Mobile, for appellee.
PER CURIAM.
Appellee Ira V. Wayne Guest, as executor of the estate of Connie Gibson Guest, deceased, recovered a $200,000.00 judgment through a wrongful death suit against appellant Joe L. Yates. In order to collect the judgment Guest levied on and sold all of Yates's dump trucks, but the proceeds from the sale were insufficient to satisfy the judgment, leaving $150,000 of the judgment unsatisfied.
On January 21, 1977, approximately eight months after the judgment, Joe Yates and Florene Yates conveyed two parcels of land to their son, appellant Richard A. Yates, and Florene Yates. Joe Yates and his wife Florene had owned this land as tenants in common with rights of survivorship prior to the conveyance. The effect of the conveyance was to transfer Joe Yates's interest to his son Richard with Florene Yates's interest remaining the same. The two parcels of land contained dirt pits from which Joe Yates extracted dirt, soil, sand, clay, and minerals for sale.
Guest, as a judgment creditor of Joe Yates, filed suit seeking to set aside the conveyance of Joe and Florene Yates to Richard and Florene Yates as fraudulent in that the conveyance was made to avoid levy and sale by Guest. After a non-jury trial, the court entered a judgment in favor of Guest. The trial court found that there was no consideration for the conveyance and that it was made with an intent to hinder, defraud, or delay Guest in his collection of the judgment entered against Joe Yates. The trial court declared the conveyance void, ruled that the interest of Joe Yates is subject to execution and sale for satisfaction of the judgment obtained by Guest against Joe Yates, and ordered Richard Yates to account to Guest for the value of all dirt, sand, clay, soil, and minerals removed from the two parcels of real estate after the conveyance. The court retained jurisdiction pending the filing of an accounting by Richard Yates for the purpose of determining the correctness of the accounting and in order to enter a judgment in favor of Guest for the value of the dirt, sand, clay, soil, and minerals removed after the conveyance.
Separate notices of appeal were filed by Joe Yates, Florene Yates, and Richard A. Yates. The appeals were consolidated by this Court.
Initially appellants contend that the court erred in determining that the conveyance *975 of the dirt pits was fraudulent and due to be set aside. Recently, in J. C. Jacobs Banking Co. v. Campbell, 406 So.2d 834 (Ala.1981), this Court gave an extensive treatment of the necessary elements and burden of proof in an action seeking to set aside a conveyance as fraudulent pursuant to Code 1975, § 8-9-6. The principles of law enunciated in that opinion control our review of this case.
Under the authority of Campbell, particularly as it relates to setting aside a conveyance for actual fraud regardless of the adequacy of consideration given, we affirm that portion of the judgment which concludes that the conveyance of the two dirt pits was fraudulent as to Guest, and due to be set aside. Regarding the relief granted, we will further comment.
The judgment of the trial court did not attempt to define the property interest of Joe Yates which it declared subject to levy and sale under execution by Guest and on this point the parties sharply disagree. To obviate further litigation in this case, we will undertake to define that interest.
Guest maintains that he is entitled to proceed against an undivided one-half interest in each of the two dirt pits. Appellants, on the other hand, contend Guest may only reach a life estate in an undivided one-half interest in each of the properties, relying on the authority of Brown v. Andrews, 288 Ala. 111, 257 So.2d 356 (1972).
The facts in Brown[1] involved a conveyance by a husband and wife to a straw man, who in turn conveyed the property solely to the wife in a scheme to prevent a judgment creditor of the husband from reaching that property in satisfaction of the judgment. After declaring void, and setting aside, both conveyances as fraudulent and entering a money judgment against the husband, the trial court held that the husband and wife owned the property as joint tenants with rights of survivorship, according to the tenor of the deed by which they originally acquired title. In addition, the trial court impressed a lien upon the property against the husband's interest to secure the indebtedness for which the judgment was rendered.
On review of the issue pertaining to the property interest of the husband subject to levy and sale under execution, this Court modified the lower court's decree so as to set aside the conveyance of, and impress the lien upon, only an estate for the life of the husband in an undivided one-half interest in the property. See, Brown v. Andrews, 288 Ala. 111, 257 So.2d 356 (Ala.1972).
The rationale employed by the Court in Brown to reach this conclusion was largely premised on our earlier decision in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). In Bernhard this Court held that language in a deed conveying property to grantees as joint tenants with rights of survivorship effectively created a tenancy in common with cross-contingent remainders in each of the tenants. The Court further held that the cross-contingent remainders were indestructible, except with the consent of both cotenants.
Adopting this analysis from Bernhard, the Court in Brown held that the husband never possessed an undivided one-half interest in the property in question but rather had a life estate in an undivided one-half interest with a contingent remainder.
The Court then observed that the statutory scheme for executions did not permit execution on contingent remainders. To this the Court added:
"It follows that since [the husband's] contingent remainder could not have been subject to levy and sale under an *976 execution, or subject to the judgment lien, the appellants were not injured by [the husband's] conveyance of this contingent remainder and, hence, cannot complain about its conveyance. Consequently, the only interest that was set aside and which is subject to levy and sale under execution, is the estate of [the husband] for his life in an undivided one-half of the property."
288 Ala. at 115, 257 So.2d 356.
In response to Yates's contention that Brown clearly controls our review of this case, the assertion could be made that Brown was implicitly overruled by Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972). In Nunn v. Keith, this Court expressly overruled the earlier decision of Bernhard that the language in a deed granting property to joint tenants with rights of survivorship creates a tenancy in common with indestructible cross-contingent remainders. Nunn v. Keith held, inter alia, that the joint tenancy with rights of survivorship permitted by statute in Alabama was intended by the Legislature to be destructible as at common law. Accordingly, this Court held that each joint tenant had the independent right to petition the Court for partition or sale for division, or to otherwise dispose of his or her interest in the property.
As mentioned earlier, the opinion in Brown was largely premised on Bernhard. Given the fact that Bernhard was expressly overruled by Nunn v. Keith, it follows that the argument could be made that Brown no longer applies. Indeed, the position urged by Guest was assumed in Granite Equipment Leasing Corp. v. Smith Pride Foods, Inc., 431 F.Supp. 490 (N.D.Ala.1977), where the federal district court said:
"Nunn v. Keith expresses the law of Alabama. It was recently followed in Clements v. Wheeler, 294 Ala. 187, 314 So.2d 64 (1975), and in Jones v. Moore, 295 Ala. 31, 322 So.2d 682 (1975). The construction whereby the leviable interest of a joint tenant with right of survivorship was limited to a life estate has been conclusively repudiated, and if Brown v. Andrews were to come on for decision today, there could, in the Court's opinion, be but one result. There is no longer any reason to limit a joint tenant's leviable interest to a life estate. Execution must proceed on the basis that defendant's estate is a fee simple absolute."
431 F.Supp. at 492.
This analysis from Granite Equipment Leasing appears clearly applicable to the case under consideration, except for one circumstance. The instrument by which Joe and Florene Yates originally acquired title to the dirt pits granted the property to them as "tenants in common with rights of survivorship," while the granting language with which the courts were concerned in Bernhard, Brown, Nunn, and Granite Equipment Leasing was "joint tenants with rights of survivorship."
Recently, in Durant v. Hamrick, 409 So.2d 731 (Ala.1981), this Court made an analysis of the historical and present distinction in Alabama between joint tenancies with rights of survivorship and tenancies in common with rights of survivorship. In Durant, this Court announced its position that the holding in Nunn v. Keith does not extend to "tenancies in common with rights of survivorship," and that such granting language creates a tenancy in common for the joint lives of the co-tenants with indestructible cross-contingent remainders.
What brings this case under the Durant ruling is that the original deeds conveyed the two parcels of land to Joe Yates and Florene Yates "as tenants in common with equal interest, for the period or term they both survive, and to the survivor of them at the death of the other ...."
As stated previously, the trial court was correct when it set aside the conveyance. This means, according to the statute, the entire conveyance; thus, Joe L. Yates and Florene Yates own the two parcels of real estate as tenants in common for the joint lives of the co-tenants with indestructible cross-contingent remainders. This gives Guest the opportunity to levy against the interest of Joe Yates in the two parcels. The question becomes one of determining the nature of the property interest of Joe *977 Yates which is subject to levy and sale. Joe owns an undivided half interest for his life and a contingent remainder in the whole in each of the two parcels. Under our statute and case law contingent remainders are not subject to levy and sale. Code 1975, § 6-9-40; Brown v. Andrews, 288 Ala. 111, 257 So.2d 356 (1972); Shrout v. Seale, 287 Ala. 215, 250 So.2d 592 (1971). Code 1975, § 6-9-40, provides: "Executions may be levied: (1) On real property to which the defendant has a legal title or a perfect equity, ... or in which he has a vested legal interest in possession, reversion or remainder, whether he has the entire estate or is entitled to it in common with others...." Therefore, Joe's life estate in an undivided one-half interest in each parcel of land is all that is presently subject to levy and sale.
The final issue concerns the Court's order that Richard Yates account to Guest for the value of all dirt, sand, clay, soil, and minerals removed from the property after the date of the fraudulent conveyance.
Appellants contend that an accounting is a chose in action, and hence, not subject to execution. Because an accounting is not subject to execution, they argue, the trial court had no authority to order that one be made in favor of Guest.
In this regard, it is obvious that appellants mistake the effect of the action of the trial court in ordering an accounting. The purpose of the accounting is to account for the value of property removed from the situs of the real estate.
That a court of equity has the authority to order an accounting from a fraudulent grantee is clear from the following passage found in American National Bank & Trust Co. v. Powell, 235 Ala. 236, 178 So. 21 (1937):
"Of course, so long as the property remains in the possession of the fraudulent grantee, she, it would seem, is not subject to a personal judgment, in a court of equity, in favor of the creditors of the grantor. The proper course is for such creditors to pursue the property and fasten their lien thereon. But the fraudulent grantee occupies the position of trustee and is liable to account therefor as a trustee for such creditors. The trust is imposed by law, and is imposed on the donee in invitum. Bryant v. Young, Hall et al., 21 Ala. 264, Lockard v. Nash, 64 Ala. 385, and Dickinson et al. v. National Bank of Republic, 98 Ala. 546, 14 So. 550.
"If the grantee, law imposed trustee, has disposed of the property, a court of equity will require her to account therefor, and, to the extent necessary to satisfy the pursuing creditor's claim, such grantee will be held liable for the full value of the property recovered by him, regardless of what he may have paid for it. 27 C.J. 669, 855; Cottingham v. Greely Barnham Grocery Co., 129 Ala. 200, 30 So. 560, 87 Am.St.Rep. 58; Dickinson et al. v. National Bank, etc., supra; Muskegon Valley Furniture Co. v. Phillips & Bro., 113 Ala. 314, 21 So. 822, and Bryant v. Young, Hall et al., 21 Ala. 264, supra.

"And it seems to be the general rule that the fraudulent grantee, if he has sold the property, must account for its fair and reasonable value at the time and place he received it, with interest. Muskegon Valley Furniture Co. v. Phillips & Bro., supra.

235 Ala. at 246, 178 So. 21. Therefore, the trial court was acting within the scope of its power when ordering the accounting. The conveyance to Richard and Florene Yates was declared to be null and void; therefore, Richard Yates must account for the value of any dirt, sand, clay, soil, or minerals removed from the land from the time of the fraudulent conveyance. Thus Guest as judgment creditor can recover from Richard Yates the value of any dirt, sand, clay, soil, or minerals removed from the two parcels of real estate pursuant to the life estate of Joe Yates in an undivided one-half interest in each of the parcels.
The judgment of the trial court is hereby modified to conform with this opinion holding that the life estate in an undivided one-half interest in each parcel of land owned by Joe L. Yates is now subject to execution and sale for satisfaction of the *978 plaintiff's judgment, and the accounting will allow Guest to take the appropriate action against Richard Yates to recover the value that Richard Yates may have received from the sale and disposal of the interest in the land fraudulently conveyed to him by Joe Yates. In all other respects the judgment is affirmed.
AFFIRMED AS MODIFIED.
TORBERT, C. J., and ALMON, SHORES and BEATTY, JJ., concur.
JONES, J., concurs specially.
MADDOX, FAULKNER, EMBRY and ADAMS, JJ., dissent.
JONES, Justice (concurring specially).
My belief that we have an obligation to develop clear principles of law to guide the attorneys of this state, who must advise their clients of their rights and alternatives under our legal principles, overrides my dissent in Durrant v. Hamrick, 409 So.2d 731 (1981), and I concur with the majority opinion.
MADDOX, Justice (dissenting).
I must respectfully dissent from the majority's opinion that the interest in the land held by the debtor is not subject to levy and sale by a creditor when the debtor allegedly conveys that interest to defraud his creditor. The holding in this case, in my opinion, is contrary to the rule of law as set forth in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972). In this regard, see my dissent in Durant v. Hamrick, 409 So.2d 731 (Ala. 1981); also, see my dissent in Brown v. Andrews, 288 Ala. 111, 257 So.2d 356 (1972), quoted from extensively by Mr. Justice Embry in his dissent.
EMBRY, Justice (dissenting).
I must dissent from the majority's holding today. By restricting plaintiff to levying only on a life estate, the majority, in effect, condones Joe Yates's fraudulent scheme to prevent plaintiff from satisfying his judgment by permitting the value of Yates's contingent remainder to escape plaintiff's reach.
This is contrary to the fundamental and established rule that a wrongdoer cannot profit from his wrongful acts. Or stated otherwise, an innocent party may not be deprived of his property or other rights by another's fraudulent conduct.
The inequities of the majority's approach were considered and expressed by Justice Maddox in his dissent in Brown, the pertinent portions of which bear repetition here:
"The majority opinion holds that the conveyance of a contingent remainder, even if made for the purpose of hindering, delaying or defrauding a creditor, cannot be set aside by a creditor, since contingent remainders are not subject to levy and sale under execution. By requiring that the interest which a debtor holds be a vested interest, subject to levy and sale and subject to a judgment lien, the majority has unduly limited the provisions of Title 20, § 7, Code of Alabama 1940, Recomp., 1958, which provides:

`All conveyances, or assignments in writing, or otherwise, of any estate or interest in real or personal property, and every charge upon the same, made with intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands; and every bond, or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, against the persons who are or may be so hindered, delayed, or defrauded, their heirs, personal representatives and assigns, are void.' (Emphasis supplied.)
"This Court has said that transactions to defeat creditors are viewed with disfavor and that this statute, which provides that conveyances in writing of any estate or interest in real property which are made with intent to hinder, delay or defraud creditors of their lawful debts are void, should be liberally construed. Taylor v. Peoples Fertilizer Co., 270 Ala. 243, 117 So.2d 180 (1959).
". . . .
*979 "The majority holds that since the creditor could not levy upon the contingent remainder interest at the time it was conveyed by the debtor, that the creditor is not prejudiced. I must strongly disagree. But for the conveyance by the debtor of his contingent remainder, he could have become possessed of the entire property upon the death of his wife, an event which is certain to occur, and which could occur during the time when the creditor's judgment is still viable and unsatisfied.
"The debtor may die first, and the creditor would therefore realize nothing from having the conveyance of the contingent remainder set aside, but the death of the debtor would be the event which removed the contingent remainder interest out of the creditor's reach, not the fraud of the debtor.
"The debtor's contingent remainder interest must have had some value or the debtor would not have tried to get it out of his hands. If his contingent remainder interest did not have value, why does he object to having his conveyance of it set aside? The answer is obvious. As the matter now stands, no matter when his wife dies, he will never get the entire property. That was, no doubt, very important to him, because the trial court found that the conveyance of his interest was made with the intent to hinder, delay or defraud his creditor. I regret this Court gives legal approval to his scheme. [Footnote omitted.]"
I am persuaded that the view expressed in this dissent represents the more equitable approach, and is in accord with the rule which views with disfavor transactions entered into for the purpose of defrauding creditors. Taylor, supra.
I would hold that the fraudulent conveyance by the debtor had the effect of destroying the tenancy in common with rights of survivorship. I would further hold that when the fraudulent conveyance was set aside, that which was restored to Yates was a separate, single, fee simple one-half interest in the real property subject to execution, levy and sale to satisfy, to the extent possible, the judgment creditor's debt. Because this is a dissent, I will not burden the reader with all the valid bases for a holding as I propose: as, for example, estoppel, etc.
FAULKNER, J., concurs.
NOTES
[1] There were two separate appeals filed concerning the facts in Brown, resulting in two opinions by this Court. In the first opinion this Court affirmed, but declined to define the interest subject to the judgment lien, since there was no adjudication of that issue in the trial court's decree. See, Brown v. Andrews, 281 Ala. 598, 206 So.2d 607 (Ala.1967). Further litigation concerning the property interest of the husband subject to levy and sale under execution ensued, resulting in a second appeal. The review of this issue is found in Brown v. Andrews, 288 Ala. 111, 257 So.2d 356 (Ala. 1972). All references in this opinion to Brown v. Andrews are to the second Brown decision.