Appealing facts often make bad law. To reach a desired outcome, the majority tampers with well-established rules of property law, citing no authority for its position. The rule it establishes will have reverberations far beyond the factual confines of this case, lending further confusion to an already confused area of law. *Page 787 
The majority relies on the estoppel theory for its new property rule that an attempted fraudulent conveyance of a life estate destroys the contingent remainder, resulting in a fee simple held concurrently by tenants in common.
In Ex parte Baker, 432 So.2d 1281, 1285 (Ala. 1983), we stated the basic elements of estoppel:
 "1) the actor, who usually must have knowledge of the facts, communicates something in a misleading way, either by words or conduct, or silence; 2) another relies upon that communication; and 3) the other party would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct. Mazer v. Jackson Insurance Agency, 340 So.2d 770 (Ala. 1976)." See also General Elec. Credit Corp. v. Strickland Div., 437 So.2d 1240
(Ala. 1983).
Even if we were to find that C.H. Jones, Jr. had misled Bank of Lexington and caused the bank to rely on the misrepresentation, it would still be impossible to find that the bank would suffer material harm if we restored the status quo. The estoppel theory should not be applied here, because "estoppels . . . are protective only, and are to be invoked as shields and not as offensive weapons, and . . . their operation should be limited to saving harmless, or making whole, the person in whose favor they arise, and they should never be the instruments of gain or profit." McCarty v. Gant, 248 Ala. 668,670-71, 29 So.2d 136, 138 (1947). See also Merchants Nat. Bankof Mobile v. Steiner, 404 So.2d 14 (Ala. 1981). The majority's holding will improve the position of Bank of Lexington because it will be able to levy on a one-half undivided interest in fee simple rather than on a one-half undivided life estate upon which it had a right to levy because of the judgment on the promissory note.
According to 37 C.J.S. Fraudulent Conveyances § 307 (1943) at 1138, "a fraudulent conveyance is void as to creditors," and "they may generally pursue legal process against the subject of the conveyance as though the title to the property was notembarrassed by the fraudulent conveyance." (Emphasis added.)
Since there was no harm to Bank of Lexington, as required for the estoppel theory to apply, and since the title was not affected by the fraudulent conveyance, the standard property rules apply.
Because of the time period involved in this case, the overruled holding of Bernhard v. Bernhard, 278 Ala. 240,177 So.2d 565 (1965), controls. In Bernhard, this Court held that an attempt to create a joint tenancy with right of survivorship in fact created a tenancy in common for the joint lives of the tenants, with cross-contingent remainders in each of the tenants. The tenants each had life estates, with a remainder to the survivor in fee simple.
Because the remainder is contingent, rather than vested, it is not subject to levy, execution, and sale under Alabama law. Code 1975, § 6-9-40. Yates v. Guest, 416 So.2d 973 (Ala. 1982);Brown v. Andrews, 288 Ala. 111, 257 So.2d 356 (1972); Shrout v.Seale, 287 Ala. 215, 250 So.2d 592 (1971).
I would employ the analysis developed in our recent case ofYates v. Guest, supra, and hold that the creditor in this case may not levy against an undivided one-half interest in fee simple. I would hold that the only interest subject to levy and sale under execution is a one-half undivided life estate interest. Id. at 976.
I would affirm.
ALMON, SHORES and BEATTY, JJ., concur. *Page 788