The question presented by this appeal is whether a 1971 conveyance to the parties created an indestructible remainder in the survivor, thus rendering void the plaintiff-appellee's 1977 conveyance of the same property. We conclude that the earlier conveyance is governed by Bernhard v. Bernhard,278 Ala. 240, 177 So.2d 565 (1965), which requires that the defendant-appellant's interest be held indestructible.
The plaintiff-appellee, Jewell Keener ("aunt"), owned two plots of land, one in Chilton County and one in the city of Bessemer. She conveyed these parcels (in 1969 and 1971, respectively) to herself and her nephew, Hoyt Johnson, the defendant-appellant ("nephew"). In the Bessemer deed the granting clause reads:
 "Jewell Keener, a widow (herein referred to as grantors) do grant, bargain, sell and convey unto Jewell Keener and Hoyt Johnson, (herein referred to as Grantees) for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate. . . ."
The habendum clause of the deed similarly reads:
 "TO HAVE AND TO HOLD to the said GRANTEES for and during their *Page 1109 
joint lives and upon the death of either of them, then to the survivor of them in fee simple, and to their heirs and assigns of such survivor forever, together with every contingent remainder and right of reversion."
In earlier litigation the aunt sought unsuccessfully to have both deeds set aside on the ground of undue influence. Johnsonv. Keener, 370 So.2d 265 (Ala. 1979). Upon losing that case the aunt began the present action for a partition sale of both parcels, alleging joint ownership of each. The nephew filed a notice of election to purchase his aunt's half interest in both parcels under Code of Ala. 1975, § 35-6-100. The trial court found that the parties "each own a fifty percent interest jointly with right of survivorship" in both parcels and that the nephew was entitled to purchase his aunt's interest. The nephew thought he concluded the matter when on February 5, 1982, he paid into court $30,500 for his aunt's interest in the Chilton County property, $1,150 for her interest in the Bessemer property, and the appraisal costs.
However, on the day before, the aunt had filed a motion to strike the portion of her complaint relating to the Bessemer parcel. She alleged that she was "mistaken in the allegation of ownership of the [Bessemer] parcel," because she had conveyed her interest in it to Richard and Edna Cruce on December 14, 1977. This deed was not recorded until February 4, 1982, the same day the motion to strike was filed. At a hearing on the aunt's motion to strike, the nephew filed a "counterclaim" alleging that the 1977 deed "is void under the laws of the State of Alabama and otherwise fails to convey the interests and property set out in the purported conveyance." The trial court summarily denied the counterclaim and granted the motion to strike, finding "that the plaintiff-aunt owned no interest in the [Bessemer] parcel at the time she filed this lawsuit." The nephew then took this appeal.
The nephew's "counterclaim" and his argument on appeal contest the validity of the 1977 conveyance in two respects. First, the nephew argues that the 1977 deed would have the effect of destroying his survivorship interest and is thus void under Bernhard v. Bernhard, supra. Second, the nephew contends that the 1977 deed was void because it was never delivered, a claim on which the nephew says the trial court denied him an evidentiary hearing. In order to explain our conclusion respecting the first argument, it is necessary to summarize our recent cases on the subject.
Where a conveyance provides for concurrent ownership with the survivor to receive the fee, analysis of the survivor's interest must begin with determining whether the grantees took as tenants in common or as joint tenants. See Durant v.Hamrick, 409 So.2d 731, 738 (Ala. 1981). If they took as tenants in common, then the estate created is characterized as a tenancy in common with indestructible cross-contingent remainders in fee to the survivor. Indestructibility means that such an interest may not be terminated by the act of one cotenant. Id.
Unlike the language construed in Durant v. Hamrick, supra, and in Yates v. Guest, 416 So.2d 973 (Ala. 1982), the 1971 deed here makes no reference to tenants in common. Instead the deed grants the property to the aunt and nephew "for and during their joint lives . . . then to the survivor." Thus, the parties took the property as joint tenants. In any conveyance by which grantees receive concurrent ownership as joint tenants, the nature of the survivor's interest is determined by Code of Ala. 1975, § 35-4-7.[1] This statute modifies the common *Page 1110 
law estate of joint tenancy with right of survivorship. Whether the survivor's interest is destructible depends upon which of our cases construing the statute governs the conveyance to the grantees.
The case that created controversy in this area of Alabama law was Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). We have recently summarized its holding as follows:
 "In Bernhard this Court held that language in a deed conveying property to grantees as joint tenants with rights of survivorship effectively created a tenancy in common with cross-contingent remainders in each of the tenants. The Court further held that the cross-contingent remainders were indestructible, except with the consent of both cotenants."
Yates v. Guest, supra, at 975. In Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356 (1970), we construed a deed with language identical to that used in the aunt's 1971 conveyance, concluding that Bernhard barred an action for compulsory partition, which would have destroyed the cotenant's remainder interest. Clearly, if these cases are to control the aunt's 1971 conveyance to herself and her nephew, then her 1977 conveyance is ineffective to convey the fee to the Cruces and destroy the nephew's remainder interest.
The year after the aunt's 1971 deed, we overruled Bernhard inNunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), holding that under Code of Ala. 1975, § 35-4-7, a conveyance to joint tenants with right of survivorship created a destructible interest in the survivor, as at common law. Subsequently, inJackson v. Fillmore, 367 So.2d 948 (Ala. 1979), we held that the overruling effect of Nunn v. Keith is prospective only.[2]
The aunt argues that despite Jackson v. Fillmore, Nunn v.Keith should apply retroactively to her 1971 conveyance, because here, unlike Jackson, specific evidence of reliance onBernhard is lacking. Thus, the aunt reads Jackson v. Fillmore
as permitting retroactive application of Nunn v. Keith when reliance on Bernhard has not been shown by specific evidence. Indeed, the Jackson opinion does cite such evidence, id.
367 So.2d at 950, and concludes:
 "In light of the evidence in this case demonstrating reliance upon the rule of Bernhard, the decision of the trial court to apply Nunn v. Keith in this case prospectively, rather than retrospectively, is due to be affirmed."
Id. at 951-952. This conclusion, however, is preceded by discussion of our "sound and settled principles of law" regarding prospective application of judicial decisions that affect property rules. Id. at 950-951. That discussion makes clear that the basis of the decision in Jackson v. Fillmore is not the specific evidence of reliance but rather the following principle:
 "When a rule established by judicial decision has existed long enough to be relied upon by those acquiring rights to, or title in certain property, courts should be loath to destroy such rights when overruling prior decisions."
Id. at 950. Accordingly, we must apply Bernhard to the conveyances in this case.
Although Bernhard renders the 1977 deed ineffective to convey the fee and destroy the nephew's remainder interest, the parties have not considered whether that deed would nevertheless be effective to convey to the Cruces a life estatepur autre vie (i.e. for the aunt's life). If the deed is effective to this extent, then the trial court must consider the nephew's contention that the 1977 deed was void because it was never delivered. We therefore order that the judgment below be reversed and remanded for the trial court to consider these matters and any others that may arise in disposing of the remaining claims to the property.
REVERSED AND REMANDED WITH DIRECTIONS.
FAULKNER, JONES, ALMON and SHORES, JJ., concur.
[1] Section 35-4-7, Code of Ala. 1975: "When one joint tenant dies before the severance, his interest does not survive to the other joint tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated."
[2] We have since held that Nunn v. Keith governs pre-Bernhard
conveyances to joint tenants. Bringhurst v. Hardin,387 So.2d 186 (Ala. 1980). *Page 1111