BEATTY, Justice.
This appeal concerns the destructibility of an estate in three grantees created by a 1978 conveyance. The appellee contends that the appeal is untimely. We find the appeal timely and reverse and remand for further consideration.
FACTS
This action began with a “Complaint For Sale For Division And Incidental Relief” filed by Jarrell Earl Clemmons and his wife, Glenda Ellen Clemmons (appellants). The complaint alleged that the Clemmonses and defendant Veasey were joint owners of two lots in Phenix City under a deed dated *1254 December 18, 1978. The deed was a conveyance by Veasey as grantor to herself and the Clemmonses as grantees “for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple ... together with every contingent remainder and right of reversion.” The primary relief sought was a sale for division, with appropriate allocation of the sale proceeds to reflect the Clemmonses’ payments on a mortgage and the cost of improvements they made. The Clemmons-es also sought $400.00 for damage allegedly committed by Veasey to a refrigerator.
Veasey filed an answer and counterclaim, claiming that the mutual intent of the parties was for her to reserve a life estate so that she would have a home place for the rest of her life. She alleged that the appellants, her nephew and his wife, represented to her that they would live with her and share expenses; however, she says, they breached the agreement by signing an $18,-600.00 mortgage on the property and subsequently abandoning it and refusing to pay the mortgage. The relief sought by Veasey was denial of partition, cancellation of the deed or reformation of it to reserve a life estate in her, and compensatory and punitive damages. On July 19, 1982, after a hearing, the trial court entered an order reading in part as follows:
“5. That the property conveyed by the defendant to the plaintiffs cannot be ordered sold for division without the approval of all grantees.

“8. That the deed, as executed from the defendant to the plaintiffs, represents the intent of the parties, at the time of said conveyance, and that there was no evidence which would indicate that puni-five damages should be paid on a counterclaim or that damages should be paid to the plaintiffs for a refrigerator and freezer.
“It is, therefore,
“ORDERED, ADJUDGED AND DECREED BY THE COURT as follows:
“1. That in order to effectively determine the actual sums of money owed by either party, it will be necessary to have an appraisal of the premises on a before and after basis as well as a specific accounting from them of the actual payments made which were in dispute at the time of the hearing in the interest of time.
“2. That counsel for the parties be and appear before the Court on the 30th day of July 1982 at 10:00 o’clock A.M. to make such stipulations as to actual payments as may have iDeen made by the parties , and to submit to the Court, by affidavit or otherwise, any other evidence pertinent to expenditures that have been made since the hearing of this cause.
“3. All matters not adjudicated in this Order are reserved for the further orders of the Court.”
Over three months later, the Clemmonses filed a motion for entry of final judgment under Rule 54(b), A.R.Civ.P.[1] The trial court promptly granted this motion, as follows:
“Upon consideration of the plaintiff’s motion for entry of final judgment pursuant to Rule 54(b) ARCP, it is ORDERED AND ADJUDGED by the Court as follows:
“I
“There are multiple issues existing between the parties to this action.
*1255 “II
“There is no just reason to delay entry of a final judgment as to the sole issue of whether or not the tenancy created under and by the terms of the deed attached to the plaintiffs’ complaint as EXHIBIT A is indestructible either by a conveyance of the real estate described in the deed by any of the grantees or by the Court ordering said real estate sold for division of proceeds at public outcry.
“Ill
“The tenancy created under and by the terms of said deed is adjudged by the Court to be indestructible either by way of a conveyance of the real estate described in the deed by any of the grantees or by way of the Court ordering the same sold for division of proceeds at public outcry.”
“Done this 2nd day of December, 1982.” From this order, the Clemmonses appeal.
TIMELINESS OF THE APPEAL
Veasey argues that the trial court’s July 19 order effectively denied all claims for relief of the parties and thus operated as a final judgment. Claiming the present appeal is untimely in relation to the July 19 order, Veasey seeks dismissal for lack of jurisdiction.
It is perfectly clear that the trial judge’s July 19 order did not dispose of all claims, because it expressly reserved “All matters not adjudicated in this Order ... for the further orders of the Court.” Thus, the trial court purported to enter, and we hold that it did enter, something other than a final judgment, and the parties were given no reason to believe that the time for appeal was running. The parties should be able to rely on the form, as well as the substance, of the order as interlocutory. To hold otherwise would only produce confusion.
THE MERITS
The trial court did not define the estate created by the deed in question. The nature of that estate determines whether the Clemmonses’ action for compulsory partition will lie. To make this determination, we must consider the language of the deed.
The granting and habendum clauses used here (the language quoted above is from the granting clause) are identical to those used in Johnson v. Keener, 425 So.2d 1108 (Ala.1983). We there determined that such language creates not a tenancy in common,[2] but a joint tenancy. We then summarized the consequences of this result:
“In any conveyance by which grantees receive concurrent ownership as joint tenants, the nature of the survivor’s interest is determined by Code of Ala.1975, § 35-4-7. This statute modifies the common law estate of joint tenancy with right of survivorship. Whether the survivor’s interest is destructible depends upon which of our cases construing the statute governs the conveyance to the grantees.
“The case that created controversy in this area of Alabama law was Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). We have recently summarized its holding as follows:
“ ‘In Bernhard this Court held that language in a deed conveying property to grantees as joint tenants with rights of survivorship effectively created a tenancy in common with cross-contingent remainders in each of the tenants. The Court further held that the cross-contingent remainders were indestructible, except with the consent of both cotenants.’
“Yates v. Guest, [416 So.2d 973 (Ala.1982)]....
“[W]e overruled Bernhard in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), holding that under Code of Ala.1975, § 35-4-7, a conveyance to joint tenants
*1256 with right of survivorship created a destructible interest in the survivor, as at common law...
(Footnote omitted.)
425 So.2d at 1109-1110.
See also Smith v. Smith, 418 So.2d 898 (Ala.1982).
Since the present deed dates from 1978, Nunn v. Keith controls. Accordingly, under the language of the deed, the estate created is destructible and cannot bar the compulsory partition sought by the Clem-monses.
For the above reasons, we reverse the judgment and remand the cause for further proceedings in accord with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.

. Rule 54(b): “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.”

. Were a tenancy in common created, then Durant v. Hamrick, 409 So.2d 731 (Ala.1981), would be applicable. In brief the attorney for Veasey states that that decision “has been much cussed and discussed by the real estate bar of this state.” One helpful such discussion is R. Deniston, “Joint Tenancy And Tenancy In Common Of Real Property — The Gulf Separating Them,” 44 Ala.Lawyer 72 (1983).