SHORES, Justice.
This case is before us for the third time. It originally involved two parcels of land, one in Chilton County and one in Bessemer. It was last before us in Johnson v. Keener, 425 So.2d 1108 (Ala.1983). In that case, Justice Beatty, speaking for the Court, summarized the history of the litigation as follows:
“In earlier litigation the aunt sought unsuccessfully to have both deeds set aside on the ground of undue influence. Johnson v. Keener, 370 So.2d 265 (Ala.1979). Upon losing that case the aunt began the present action for a partition sale of both parcels, alleging joint owner *690 ship of each. The nephew filed a notice of election to purchase his aunt’s half interest in both parcels under Code of Ala.1975, § 35-6-100. The trial court found that the parties ‘each own a fifty percent interest jointly with right of sur-vivorship’ in both parcels and that the nephew was entitled to purchase his aunt’s interest. The nephew thought he concluded the. matter when on February 5, 1982, he paid into court $30,500 for his aunt’s interest in the Chilton County property, $1,150 for her interest in the Bessemer property, and the appraisal costs.
“However, on the day before, the aunt had filed a motion to strike the portion of her complaint relating to the Bessemer parcel. She alleged that she was ‘mistaken in the allegation of ownership of the [Bessemer] parcel,’ because she had conveyed her interest in it to Richard and Edna Cruce on December 14, 1977. This deed was not recorded until February 4, 1982, the same day the motion to strike was filed. At a hearing on the aunt’s motion to strike, the nephew filed a ‘counterclaim’ alleging that the 1977 deed ‘is void under the laws of the State of Alabama and otherwise fails to convey the interests and property set out in the purported conveyance.’ The trial court summarily denied the counterclaim and granted the motion to strike, finding ‘that the plaintiff-aunt owned no interest in the [Bessemer] parcel at the time she filed this lawsuit.’ The nephew then took this appeal.”
425 So.2d at 1109.
We reversed the trial court’s order and held that the “discovered” deed was ineffective to defeat the nephew’s interest in the Bessemer parcel because it came within the rule of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965).
The nephew died just before the opinion in Johnson v. Keener was released on January 28, 1983. The trial court has now entered an order as follows: “The Supreme Court of Alabama in the case of Keener v. Johnson held that the purported deed was ineffective to convey the fee and destroy Hoyt Johnson’s remainder interest. This remainder interest vested in Jewell Keener the instant Hoyt Johnson died.”
The widow and administratrix of the nephew’s estate appeals from that order. We reverse.
The trial court’s holding would be correct had there not been a final judgment vesting title in the nephew, who exercised his statutory right to purchase the interest of the aunt under the provisions of § 35-6-100, Ala.Code 1975. He paid into court the amount ordered to purchase her interest, and all that remained to be done was the ministerial act of drawing a Register’s deed to him when the aunt suddenly “discovered” the deed referred to in this Court’s opinion written by Justice Beatty. When we reversed the holding of the trial court striking from the proceedings the Bessemer parcel, this had the effect of reinstating the order directing the conveyance of both parcels to the nephew. Title to both parcels now rests in his heirs, since he died intestate, and the aunt takes no interest under the deed because the nephew had utilized and consummated the procedure permitted by § 35-6-100, Code.
The judgment of the trial court is reversed, and the cause is remanded with instructions to order a Register’s deed to convey the aunt’s interest in the Bessemer parcel to the heirs of the nephew, and to pay the monies heretofore paid into court by the nephew to the aunt.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, JONES, and BEATTY, JJ., concur.