SUSAN H. BLACK, District Judge:
This is an appeal from the district court’s affirmance of Bankruptcy Judge Coleman’s order denying the trustee-appellant’s petition to sell appellee’s property for division. Because we find that the bankruptcy court incorrectly applied Alabama’s law of cotenancies, we reverse and remand for additional findings.
The relevant facts of this case may be briefly summarized. In 1973, debtor John P. Spain and his wife, Mary P. Spain, acquired title to a parcel of real property. On October 9, 1979, Mr. Spain filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. John P. Whittington, trustee for Mr. Spain’s estate and appellant herein, thereafter commenced an action to sell the subject real estate for division. Mrs. Spain filed an objection to the proposed sale on December 7, 1982.
In a Memorandum Opinion and Order entered on March 17, 1986, Bankruptcy Judge Coleman held that the trustee could not sell Mrs. Spain’s interest in the homestead. According to Judge Coleman, the 1973 deed to the Spains conveyed a tenancy in common for life with cross contingent remainders to the survivor in fee, and such a cotenancy is not one of the three interests authorized for sale under Section 363(h) of the Bankruptcy Code. The district court adopted this reasoning and affirmed the bankruptcy court’s decision.[1]
This appeal presents a challenge to the threshold determination of the bankruptcy court that the 1973 conveyance to the Spains created a tenancy in common for life with cross contingent remainders to the survivor in fee. This estate, first recognized by the Alabama Supreme Court in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), is unique among Alabama cotenancies in that it includes an “indestructible” right of survivorship, one which cannot be sold or levied upon without the consent of all tenants. Moreover, unlike the other three cotenancies, the trustee in bankruptcy is without authority to compel a sale of this interest pursuant to Section *238 363(h) of the Bankruptcy Code. In re Livingston, 804 F.2d 1219 (11th Cir.1986).[2]
As a basis for its holding, the bankruptcy court considered the following language from the habendum clause:
... for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion ...
According to the bankruptcy court, the cases of Durant v. Hamick, 409 So.2d 731 (Ala.1981), and Yates v. Guest, 416 So.2d 973 (Ala.1982), instruct that such language must be construed as creating a tenancy in common with cross contingent remainders to the survivor.
The appellant argues that the habendum clause of the Spains’ deed is properly construed as creating a joint tenancy. Unlike the tenancy in common with cross contingent remainders to the survivor, the joint tenancy includes destructible rights of survivorship and is expressly authorized to be sold under Section 363(h) of the Bankruptcy Code.[3]
Two Supreme Court of Alabama cases, not cited in the opinions below, directly address this issue. In both Clemmons v. Veasey, 435 So.2d 1253 (Ala.1983), and Johnson v. Keeners, 425 So.2d 1108 (Ala. 1983), the court construed habendum clauses identical to the one inserted in the Spains’ deed and found that such clauses create joint tenancies. The court in Johnson expressly distinguished Durant and Yates, the cases relied on by the bankruptcy court in the present case:
Unlike the language construed in Durant v. Hamrick and Yates v. Guest (citations omitted) the ... deed here makes no reference to tenants in common. Instead the deed grants the property to the aunt and nephew “for and during their joint lives ... then to the survivor.” Thus, the parties took the property as joint tenants.
Johnson, 425 So.2d at 1109.
The appellee insists that the decisions in Clemmons and Johnson are not dispositive in the present case. According to the appellee, in construing the deed, the bankruptcy court properly considered the intentions of the parties to the deed; its determination that the parties intended to create indestructible rights of survivorship was a “factual” decision which must be accorded the presumption of correctness ordinarily given to findings of fact.
For several reasons, we disagree with the appellee’s suggestion that the bankruptcy court’s decision must be treated as a finding of fact. First, the record does not show that the court received testimony or that it otherwise inquired into the intentions of the parties to the deed in reaching its decision. As noted above, Bankruptcy Judge Coleman explained his decision by emphasizing the similarity of the present case with Durant and Yates, two cases in which the Alabama Supreme Court recognized the existence of the tenancy in common with cross contingent remainders to the survivor.
*239 Second, in light of the legal significance of the language in the Spains’ deed, a factual inquiry would be inappropriate in this case. A brief review of the development of Alabama’s case and statutory law regarding cotenancies reveals why only one construction of the Spains’ deed is permissible.
Alabama courts historically favored tenancies in common over joint tenancies. Alabama did not recognize a joint tenant’s right of survivorship until 1940, when the Alabama legislature provided that such rights must be enforced where expressly provided for in the instrument of conveyance.[4] Construing this provision, the court in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), held that a deed providing for concurrent ownership and rights of survivorship did not create a joint tenancy, but rather created a tenancy in common with cross contingent remainders to the survivor (i.e. indestructible rights of survivorship).
In 1972, Alabama courts began to soften their harsh attitudes toward joint tenancies. Again construing the 1940 statute, the court in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), overruled Bernhard and found that the Alabama legislature merely intended to provide grantors with the means to create a traditional joint tenancy. The court held that a deed conveying real property to grantees “as joint tenants, with right of survivorship” did not create a tenancy in common with indestructible rights of survivorship, but instead created a joint tenancy (with its attendant destructible rights of survivorship).
After November 9, 1972, the date of the Nunn decision, Alabama deeds purporting to create joint tenancies successfully created joint tenancies, not tenancies in common with cross contingent remainders in the survivor. Although the court in Durant v. Hamrick, 409 So.2d 731 (Ala.1981), indicated that a tenancy in common with cross contingent remainders to the survivor could be created in this post-Nunn period, this Bernhard -type interest could only be created if the parties clearly state their intention not to create a joint tenancy. Such an interest was created in Durant, where the deed expressly referred to a “tenancy in common” with rights of survivorship.
The deeds in Johnson and Clemmons simply conveyed real property to the grantees “for their joint lives ...” with rights of survivorship; they did not indicate that the cotenants would hold such survivorship rights as tenants in common. Applying the principles set forth above, the Supreme Court of Alabama held in each case that the deed created a joint tenancy. Johnson, 425 So.2d at 1109; Clemmons, 435 So.2d at 1255-56. The court also considered in each case whether the rights of survivorship of the joint tenancy were destructible, and reached different results in each case according to whether Bernhard or Nunn controlled at the time the deed was written. See Johnson, 425 So.2d at 1109-10; Clemmons, 435 So.2d at 1256.
Because the court in Johnson and Clemmons construed language identical to the language in the Spains’ deed, the analysis used in those cases is applicable to this case. The habendum clause in the present case expressly provides for rights of survivorship without referring to a tenancy in common. The deed must therefore be construed as creating a joint tenancy. See Johnson, 425 So.2d at 1109. The only remaining question is whether Bernhard or Nunn was in effect at the time the Spains’ deed was written. Because the undisputed facts establish that the Spains’ deed was *240 conveyed in 1973, after the court in Nunn had overruled Bernhard, Nunn requires that the deed be construed as a joint tenancy with destructible survivorship rights.
The bankruptcy court refused to authorize a forced sale under the authority of 11 U.S.C. § 363(h) because that provision was considered to be inapplicable to tenancies in common with cross contingent remainders to the survivor. Because section 363(h) is clearly applicable to joint tenancies, the bankruptcy court must next consider whether a forced sale would be appropriate in light of the four factors set forth in that provision.
CONCLUSION
For the foregoing reasons, we REVERSE and REMAND to the bankruptcy court for further proceedings consistent with this opinion.

. For the sake of convenience, the Court will refer to the decision under review as the bankruptcy court’s decision.

. Although the appellant argued in his brief that Section 363(h) of the Bankruptcy Code authorized a compulsory sale of a tenancy in common with cross contingent remainders to the survivor in fee, he withdrew this contention at oral argument in light of the intervening decision in Livingston.

. Section 363(h) of the Bankruptcy Code, 11 U.S.C. § 363(h) (1982), provides as follows:
Notwithstanding subsection (f) of this section, the trustee may sell both the estate’s interest, under subsection (b) or (c) of this section, and the interest of a co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by entirety, only if—
(1) partition in kind of such property among the estate and such co-owners is impracticable;
(2) sale of the estate’s undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

. Title 47, Ala.Code § 19 (1940) (current version at Ala.Code § 35-4-7 (1975)):
When one joint tenant dies before the severance, his interest does not survive to the other joint tenants but descends and vests as if his interest had been severed and ascertained: provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated.