177 So.2d 565

Joanna T. BERNHARD

v.

Charles B. BERNHARD, Jr.

6 Div. 167.

Supreme Court of Alabama.

July 15, 1965.

Cato & Hicks, Birmingham, for appellee.

Corretti & Newsom, Birmingham, for appellant.

SIMPSON, Justice.

The parties to this litigation are husband and wife. The wife lives in the home of the parties which they bought in 1957. The deed under which they took title to the property conveyed the same to them as joint tenants with right of survivorship. These parties are now estranged but not divorced and the husband no longer lives in the home. He filed a bill seeking to have the property sold for division. The trial court, after oral hearing, ordered the property sold. The wife appealed.

The habendum clause in the deed under which the property was conveyed is as follows:

"To have and to hold unto the said Charles B. Bernhard, Jr. and Joanna T. Bernhard, his wife, as joint tenants with right of survivorship, their heirs and assigns forever; it being the intention of the parties to this convey-

ance, that (unless the joint tenancy hereby created is severed or terminated during the joint lives of the grantees herein), in the event one grantee herein survives the other, the entire interest in fee simple shall pass to the surviving grantee, and if one grantee does not survive the other, then the heirs and assigns of the grantees herein shall take as tenants in common."

The sole question to be decided is whether property held under a joint tenancy deed with the aforesaid right of survivorship may be sold for division at the instance of one of the tenants over the objection of the other. The question is not without difficulty and has not heretofore been decided in this state.

■ Joint tenancies as known to the common law have been abolished by statute in Alabama:

"When one joint tenant dies before the severance, his interest does not survive to the other joint tenants, but descends and vests as if his interest had been severed and ascertained, * * *." Title 47, § 19, Code of 1940, recompiled 1958.

In 1852, this Court noted:

"Our statute [the above], it is true, has done away with all joint tenancies, as known at the common law, and declares that when two or more persons shall hold an estate, real or personal, jointly, and one joint tenant dies before severance, his interest in the joint estate shall not survive to the remaining joint tenant or joint tenants, but shall descend to, and be vested in, his heirs or other legal representatives, in the same manner as if his interest had been severed and ascertained; Clay's Dig. 169. * * * The evil that our statute intended to remedy was, to cut off the jus accrescendi, or right of survivorship, which existed at the common law, and to give to the heirs at law

of joint tenants the interest of their ancestors, in the same manner as if they had held as tenants in common, and not as joint tenants. It was thought unreasonable that the death of one joint tenant should give the entire estate to the survivor for his own use, to the exclusion of the heirs or next of kin of the deceased tenant." Parsons v. Boyd, 20 Ala. 112, 118.

The statute referred to and quoted above was subsequently amended by adding immediately after the language above, the following:

" * * * provided, however, that in the event it is stated in the instrument creating such tenancy, that such tenancy is with right of survivorship, or other words used therein showing such intention, then upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument." Title 47, § 19, supra.

Did the legislature then intend that persons could by express provision in the instrument create an estate with all of the incidents of the common law joint tenancy? At common law for joint tenancy to exist the four unities of time, title, interest and possession had to be present at the creation of the estate and any event which destroyed one of the unities destroyed the estate. Each tenant was seized per my et per tout, i. e., each owned one half, while at the same time, he owned the whole. Walthall v. Goree, 36 Ala. 728; 48 C.J. 808, 70 C.J.S. 449. There were no cross contingent remainders. The death of the first tenant simply removed the impediment to a complete title in the survivor. The survivor had owned the whole as well as the half by virtue of the instrument itself. He actually took nothing by "survivorship".

Did the legislature intend that this estate could be created by the parties voluntarily by express language in the instrument? Or did they intend to provide for a means

of adding the survivorship incident to some different estate?

We must give effect to the intention of the parties as determined from the language which they use in the deed. What estate was created? It is our opinion that the parties here involved intended to create and did create a tenancy in common during the joint lives of the tenants with right of survivorship in the survivor. They carefully said that if neither survived the other, then in that event their property was to descend as if held by them as tenants in common. Such we think is consistent with the intentions of the legislature as expressed in the above quoted statute. Survivorship is allowed, if expressed, as an incident to the estate of tenancy in common. Each does not own the whole, while at the same time owning the half. Rather, each owns an undivided one-half interest in the property for life, plus the right to own the unencumbered whole if he survives his co-tenant.

Under these circumstances then, can there be a sale for division over the objection of one tenant during the joint lives? We think not. Such a result seems to be dictated when giving full consideration to the intention of the parties as expressed. We think the language used and our cases indicate that a division may be had during the joint lives only with the consent of all grantees. We have held that an interest in remainder is not subject to division, and this is the estate which we think is created under the deed involved: a tenancy in common during the joint lives of the tenants with a remainder to the survivor in fee simple. Such a construction is in accord with that of other jurisdictions. Finch v. Haynes, 144 Mich. 352, 107 N.W. 910, and is not inconsistent with our holdings in related cases. In Kelly v. Deegan, 111 Ala. 152, 20 So. 378, we specifically held that an interest in a remainder is not subject to division over the objection of one tenant. There we said:

"The indispensable element of every compulsory partition is co-tenancy. Whatever other relation may exist, if this relation does not exist, there is no right to partition. * * * As between the tenant of the particular estate, whether the estate be for years or for life, and the remainder-man or reversioner, there is no tenancy in common, and partition between them cannot be compelled. * * *

"Voluntarily, the tenant of the particular estate and the remainder-man or reversioner may make sale of the lands, and, in the absence of any special agreement between them, a court of equity will compel an apportionment of the purchase money, according to their respective interests. This is the doctrine, and the extent of the doctrine, asserted in the authorities referred to by the counsel for the appellant. Foster v. Hilliard, 1 Story, 77, Fed.Cas.No.4,972; Thompson v. Thompson [107 Ala. 163] 18 So. 247. They lend no countenance to the proposition, which seems to underlie the argument in support of the petition, that a tenant of a particular estate may compel the remainder-man or reversioner to a partition or division, by which a qualified or limited, is converted into an absolute, interest, to his prejudice, and in destruction of the intention of the donor. The donor intended that, on the expiration of the life estate, the entire fee, and no lesser interest, should pass to the remainder-man, and this intention it is the duty of the courts to preserve and effectuate, and not to defeat."

The decree appealed from is reversed and rendered.

Reversed and rendered.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.