387 So.2d 186 (1980)
Margaret Hardin BRINGHURST
v.
Billy J. HARDIN et al.
79-254.
Supreme Court of Alabama.
August 22, 1980.
*187 Robert E. Paden and Jake V. Bivona for Paden, Green & Paden, Bessemer, for appellant.
Norman K. Brown, Bessemer, for appellees.
PER CURIAM.
In January 1964, Mr. and Mrs. Hardin purchased residential property which was conveyed to them ". . . for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple...." The couple divorced in April 1969, but the divorce decree made no provision for the property. Mrs. Bringhurst (the former Mrs. Hardin) brought suit for sale of the property and division of the proceeds. The trial court denied Mrs. Bringhurst relief and decreed that the property could not be sold for division without the consent of Mr. Hardin. Mrs. Bringhurst appeals.
The case must turn on application of principles set down in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965); Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972); and Jackson v. Fillmore, 367 So.2d 948 (Ala.1979). We resolve the question of whether one tenant may successfully oppose destruction of a joint tenancy created before our decision in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965).
Although Bernhard is now overruled, the appellee urges that we apply the Bernhard rule to the joint tenancy in question because the tenancy was created pre-Bernhard. In short, appellee would have us rule that the tenancy is indestructible without consent of all cotenants. His argument is buttressed by our case of Jackson v. Fillmore, 367 So.2d 948 (Ala.1979), which finds that Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972) (overruling Bernhard and establishing common law joint tenancy in Alabama), should only be applied prospectively.
Careful study of Jackson, however, reveals that the tenancy there in question was created after Bernhard but before Nunn. Because the tenancy was created after Bernhard, the parties to the tenancy were certainly entitled to rely on the law as construed by the Bernhard Court. This Court expressly found the parties in the case relied on Bernhard, and the Court held that the law set down in Bernhard controlled.
In contrast, Mr. and (the then) Mrs. Hardin could not have relied on Bernhard when they created the tenancy now in question, because Bernhard had not been decided. Furthermore, we will not give retrospective application to a case now overruled. The rule in Nunn, then, must control the case before us.
Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), holds that in Alabama a *188 joint tenancy with right of survivorship retains the characteristics of common law joint tenancy (with exceptions not here important). Id. 289 Ala. at 524, 268 So.2d at 797. At common law a joint tenant could, by unilateral act, destroy the joint tenancy as to his share. See P. Powell & P. Rohan, Powell on Real Property § 618 (abr. ed. 1968). Although at common law a tenant could not compel partition, see 4 G. Thompson, Commentaries on the Modern Law of Property § 1828 (Grimes ed. 1979), this state has enacted a statutory procedure for partition or sale for division. See Code 1975, §§ 35-6-1 to 35-6-126. In view of the common law rule of destructibility of joint tenancies and the Alabama statutory procedure for partition or sale for division, we find no reason to require consent of cotenants in a suit for division.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
MADDOX, J., with whom SHORES, J., joins, concurs in the result.
BLOODWORTH, J., not sitting.
MADDOX, Justice (concurring in the result).
I concur in the result, because it gives retrospective application to Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972). See my dissent in Jackson v. Fillmore, 367 So.2d 948 (1979).
SHORES, J., concurs.