HOUSTON, Justice.
This is a dispute over ownership of real property. The facts are as follows:
Myrtle Ruth Isom and Clarence Edmond Isom were married in 1964. Prior to this marriage, Mr. Isom was the owner of a certain tract of land. On August 5, 1964, just after his marriage to Mrs. Isom, Mr. Isom conveyed this land to his wife and himself as “joint tenants with right of sur-vivorship.”
Five years later, on October 6,1969, Mrs. Isom executed a warranty deed that transferred her interest in the above mentioned property to Mr. Isom. That same day, Mrs. Isom filed a complaint for divorce; a decree of divorce was entered by the court. The property involved in this litigation was not mentioned in the decree.
In 1973, Mr. Isom executed a will which left the property that he and his former wife once owned jointly “to Charles Price for and during his natural life, then to Johnny Wayne Bledsoe in fee simple.” On March 23, 1977, Mr. Isom sold a portion of this property to Mr. Manley Burns and his wife, Mrs. Luquita Burns. Myrtle Ruth Isom, Mr. Isom’s former wife, joined in the conveyance as “Grantor.”
Charles Price died on April 13,1977, thus predeceasing Mr. Isom, who died on December 16, 1981. Pursuant to the provisions of Mr. Isom’s will, the executrix of the estate, Christine Bledsoe, deeded the property to Johnny Wayne Bledsoe.
Myrtle Ruth Isom filed an action pursuant to Code 1975, § 6-6-560, to quiet title to the property in question. She claimed that by surviving Mr. Isom she gained title to the property by right of survivorship. She argued that the conveyance of her interest in the property in 1969 was ineffective to destroy her survivorship interest.
The trial court issued an order on January 27, 1984, which stated that the deed given by Mrs. Isom to Mr. Isom in 1969 did not sever the joint tenancy, but left Mrs. Isom with a one-half interest in the property. It further held that title to the proper *1357 ty was held by Myrtle Ruth Isom and Johnny Wayne Bledsoe as tenants in common. Mr. Isom’s executrix filed a motion to vacate this order, and it was granted.
On January 81, 1984, the parties to the suit filed a stipulation of facts. The trial court then entered a final order holding that Johnny Wayne Bledsoe was the sole owner of the property, because Mrs. Isom’s execution of the warranty deed to her former husband in 1969 severed the joint tenancy and divested her of any right of sur-vivorship. From this ruling, Mrs. Isom appeals.
The case before us is controlled by our decision in Bringhurst v. Hardin, 387 So.2d 186 (Ala.1980). In Bringhurst, as in the present case, a 1964 deed conveyed land to a married couple in “joint tenancy with right of survivorship.” The couple divorced in 1969, and the former wife took action to force a severance of the joint tenancy. This Court held in Bringhurst that our decision in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), applies retroactively to deeds executed before our decision in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). This Court in Nunn had reversed the Bernhard decision by holding that Alabama would recognize the common law of joint tenancy, with its right of survivorship, and with its destructibility of the right of survivorship by unilateral act.
Since the deed in the case before us was executed in 1964, before the Bern-hard decision, it created a common law joint tenancy destructible by unilateral act. When Mrs. Isom conveyed her interest in the disputed property to Mr. Isom, she severed the joint tenancy between them, and her survivorship right was extinguished. The trial court properly ruled, therefore, that Mrs. Isom no longer had any interest in the property in dispute.
There being no error in the trial court’s judgment, we affirm.
AFFIRMED.
TORBERT, C.J., and MADDOX, AL-MON and BEATTY, JJ., concur.