804 F.2d 1219
 16 Collier Bankr.Cas.2d 38, Bankr. L. Rep. P 71,546
In re A.G. LIVINGSTON, Debtor.
Philip A. GEDDES, Trustee for the Bankruptcy Estate of A.G.
Livingston, Plaintiff-Appellant,
v.
A.G. LIVINGSTON and Stella Livingston, Defendants-Appellees.
 No. 85-7797.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 25, 1986.
 
 Philip A. Geddes, Decatur, Ala., pro se.
 Thomas A. Caddell, Decatur, Ala., for A.G. Livingston.
 Steven V. Hammond, Chenault, Hammond and Buck, Decatur, Ala., for Stella Livingston.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HILL and FAY, Circuit Judges, and MORGAN, Senior Circuit Judge.
 MORGAN, Senior Circuit Judge:
 
 
 1
 This is an appeal from the district court's affirmance of Bankruptcy Judge Breland's order that appellant-trustee could not sell appellee's property in fee simple. After canvassing the applicable case law and bankruptcy statutes, we agree with the district court that the appellant-trustee may force a sale of debtor's complete interests in said property, along with his wife's life estate interest; however, her contingent remainder interest of survivorship is not subject to sale without her approval.I. THE PROCEEDINGS BELOW
 
 
 2
 On March 8, 1972, the debtor, A.G. Livingston, and his wife, Stella, purchased a house and certain property now worth approximately $80,000.00. Both the granting and habendum clauses in the deed contained the following language: "Unto the said A.G. Livingston and Stella Livingston for and during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple, and to the heirs and assigns of such survivor." On October 21, 1983, Mr. Livingston filed an individual Chapter 7 bankruptcy petition, in which the property was listed under the exemption schedules. The trustee, Philip A. Geddes, claimed said property as property of the estate (11 U.S.C. Sec. 541 (1982)), and attempted to sell the property in fee simple under the provisions of 11 U.S.C. Sec. 363(h) (1982).[1] Upon resistance by the Livingstons, this matter was brought before the United States Bankruptcy Court for the Northern District of Alabama. That court classified the debtor's interests in the property as a tenancy in common for life with cross-contingent remainders in survivorship. Consequently, the court found that both the debtor's and his wife's life estates were property of the estate and that the wife was entitled to half of any proceeds derived from such sale, plus the right of first refusal regarding the sale. See 11 U.S.C. Sec. 363(f), (h), and (i). Furthermore, the debtor's contingent remainder was property of the estate due to the broad language of 11 U.S.C. Sec. 541(a). Finally, the court found that Mrs. Livingston's contingent remainder was not subject to sale in that it did not meet 11 U.S.C. Sec. 363(h)(2), or (3).
 
 
 3
 On appeal to the district court, the bankruptcy court's decision was affirmed in all areas, however, the district court found that Mrs. Livingston's contingent remainder was not property of the estate under 11 U.S.C. Sec. 363(h). Subsection (h) allows the sale of both the debtor's interest and the co-owner's interest only when the debtor owns the property as a tenant in common, joint tenant, or tenant by the entirety. The district court found that a tenancy in common for life with a cross-contingent remainder of survivorship was not included within the range of estates laid out in 11 U.S.C. Sec. 363(h). The trustee appeals the district court's interpretation.
 
 II. CLASSIFYING THE ESTATE
 
 4
 Although 11 U.S.C. Sec. 541(a)(1) holds that any legal or equitable interest the debtor held in property at the time of filing the petition becomes property of the estate, the nature of the interest is to be determined by non-bankruptcy state law. Therefore, before considering the appellant-trustee's contentions involving his ability to compel a sale for division of the subject property, we must first establish what Mr. and Mrs. Livingston's interests in the property are pursuant to Alabama law.
 
 
 5
 Alabama state law in relation to estates in land is just now emerging from a very perplexing inception. This is especially true in the area of joint tenancy. Alabama has traditionally favored tenancies in common over joint tenancies. Its courts construed survivorship rights in joint tenancies as destructible upon the first joint tenant's death with his share going to his issue, thereby treating a joint tenancy as a tenancy in common. Parsons v. Boyd, 20 Ala. 112, 118 (1852). In 1940, the Alabama statutes were amended, emphasizing the intentions of the parties in creating the deed (i.e., whether there would be an indestructible survivorship).[2]
 
 
 6
 Upon examining the language of the Livingston deed, it is clear that the parties took the property as joint tenants.[3] Therefore, the essence of their interests is qualified by Ala.Code Sec. 35-4-7 (1975). The first important case to interpret this section was Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). Bernhard has been summarized as follows:
 
 
 7
 In Bernhard this Court (the Alabama Supreme Court) held that language in a deed conveying property to grantees as joint tenants with rights of survivorship effectively created a tenancy in common with cross-contingent remainders in each of the tenants. The Court further held that the cross-contingent remainders were indestructible, except with the consent of both cotenants.
 
 
 8
 Yates v. Guest, 416 So.2d 973, 975 (1982). Although Bernhard was later overturned by Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), the overruling effect of Nunn is prospective only. Jackson v. Fillmore, 367 So.2d 948 (Ala.1979).[4] Known as the "Bernhard-window," any deeds granting joint tenancies, which were forged between July 15, 1965 and November 9, 1972 will be covered by the Bernhard interpretation, explained supra. Johnson v. Keener, 425 So.2d 1108 (Ala.1983). Accordingly, the Livingstons hold a life estate in the property as tenants in common, with each owning a remainder contingent upon survivorship. Furthermore, Alabama law holds that Mrs. Livingston's contingent remainder may not be levied upon by execution creditors in consideration of Mr. Livingston's debts without her permission. Ala.Code Sec. 6-9-40 (1975).
 
 
 9
 III. THE ESTATE IN RELATION TO 11 U.S.C. Sec. 363(h)
 
 
 10
 Having determined the Livingston's interests to be a tenancy in common for life with a cross-contingent remainder in survivorship, we now turn to the possibility of a forced sale of this estate in fee simple under the authority of 11 U.S.C. Sec. 363(h). Section 363(h) allows the sale of the debtor's estate interests and co-owner interests held undivided with the debtor in property as long as the undivided interest is classifiable as a tenancy in common, a joint tenancy, or a tenancy by the entirety, with the final requirement of meeting four subsequently listed hurdles. See f.n. 1. The district court held that a tenancy in common with a cross-contingent remainder does not fit within the scope of 11 U.S.C. Sec. 363(h), since it is not listed along with the three other types of estates. Appellant contends that the Livingston's estate must fit into the Sec. 363(h) parameter, since, in his opinion, the entire universe of cotenancy is composed of the three concurrent interests listed in Sec. 363(h). In other words, the appellant argues that the joint tenancy, the tenancy in common, and the tenancy by the entirety are the three original forms of concurrent interests. Accordingly, all subsequent forms of cotenancy, such as the Livingston's interests, although created by Alabama state law, are to be considered the progeny of the three general cotenancy types and are therefore necessarily included within the scope of Sec. 363(h).
 
 
 11
 We agree with the district court that the Livingston's interests are not completely covered by Sec. 363(h). The language of the bankruptcy statute is clear and unambiguous in its listing of the three Sec. 363(h) cotenancies. This plain language forces the conclusion that the three cotenancies are the only three in which the co-owner's interest may be sold without his consent. In rebuttal, appellant quotes legislative history to show contrary original congressional intent: "Subsection (h) permits sale of a co-owner's interest in property in which the debtor had an undivided ownership interest such as a joint tenancy, a tenancy in common or a tenancy by the entirety." H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 346 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 56 (1978) (emphasis added), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5842, 6302. The "such as" provision does not convince us of congressional intent to include more than the three cotenancies mentioned. If Congress truly intended this, it would not have subsequently deleted said provision to leave the passage in its present form.
 
 
 12
 Furthermore, a tenancy in common with cross-contingent remainders is different from either a common law tenancy in common or a common law joint tenancy. In a common law tenancy in common, there are no rights of survivorship, therefore, this is obviously not the same as the Livingston's interests. Their interests are more similar to a joint tenancy since both types of cotenancies have rights of survivorship. However, the rights of survivorship in a common law joint tenancy are destructible upon the sale of a co-tenant's interest, thereby creating a tenancy in common. R. Boyer, Survey of the Law of Property, 29-30, (3d ed. 1981). As previously stated, Ala.Code Sec. 35-4-7 has been interpreted to construct a tenancy in common with a survivorship right which is statutorily indestructible. Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). Therefore, Alabama designed this cotenancy with the specific purpose of creating a totally different type of estate than either a common law joint tenancy or a common law tenancy in common.[5]
 
 IV. CONCLUSION
 
 13
 The Livingston's interests created by the 1972 deed are defined within the "Bernhard window" as a tenancy in common for life with cross-contingent remainders of survivorship. We further hold that this statutorily created cotenancy was neither contemplated by Congress nor Alabama as being embraced by the language of 11 U.S.C. Sec. 363(h). Therefore, although the trustee may sell Mr. Livingston's life estate and contingent remainder, along with his wife's life estate as a tenant in common, he is not authorized by Sec. 363(h) to force a sale of Mrs. Livingston's contingent remainder in survivorship.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 11 U.S.C. Sec. 363(h) (1982): "Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of a co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if--
 (1) partition in kind of such property among the estate and such co-owners is impracticable;
 (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
 (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
 (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.
 
 
 [2]
 Ala.Code T.47, Sec. 19 (1940) stated that if the parties declare in the instrument that the joint tenancy contained a right of survivorship, or use other words expressing their intention to create a valid survivorship provision, then the survivorship element is non-destructible [current version at Ala. Code Sec. 35-4-7 (1975) ]
 
 
 [3]
 The deed in question only mentions the Livingston's as takers "for and during their joint lives."
 
 
 [4]
 Nunn v. Keith is also controlling law over pre-Bernhard conveyances to joint tenants. Bringhurst v. Hardin, 387 So.2d 186 (Ala.1980)
 
 
 [5]
 There has been no argument by any of the parties to this action that the cotenancy involved relates to a tenancy by the entirety. Therefore, we do not consider it as worthy of any in-depth discussion