627 So.2d 870 (1993)
Henry Theodore NETTLES, et al.
v.
Wyman A. MATTHEWS, et al.
1911640.
Supreme Court of Alabama.
May 14, 1993.
Rehearing Denied October 1, 1993.
*871 John F. Dillon IV of Dillon & Kelley and G. Daniel Brown, Alexander City, for appellants.
James K. Haygood, Jr. of Haygood, Cleveland & Pierce, Auburn, for appellees.
ADAMS, Justice.
The defendants appeal from a summary judgment entered in favor of the plaintiffs, Wyman A. and Margaret Matthews and Dolly C. Etheridge. We reverse and remand.
In 1967, Lonnie E. Carter and his wife, Grace Nettles Carter, were issued a warranty deed conveying property "for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion." In other words, the Carters owned the property in joint tenancy with right of survivorship. On September 18, 1970, Lonnie Carter attempted to convey his interest in the property to his wife in fee simple. She did not sign the deed as a joint grantor.
Lonnie and Grace Carter are now dead, Grace Carter having predeceased Lonnie Carter. The Matthewses, who purchased the property from Dorothy Etheridge, the only heir of Lonnie Carter, have sued the Nettleses, the heirs of Grace Carter, in order to clear the title. The sole issue here (as stated by the appellees) is:
"Whether the failure of Grace Nettles Carter to join in the conveyance of her husband's undivided one-half interest to her made the deed ineffective to convey her husband's entire interest in the property, including the contingent remainder and right of reversion set forth in the deed."
The original deed creating the joint tenancy with right of survivorship was executed in 1967; thus it was subject to Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), wherein this Court held that a joint tenancy with right of survivorship was indestructible without the consent of both tenants.
In Bernhard, an estranged husband and wife held property in joint tenancy with right of survivorship. The husband filed a bill seeking the sale of the property; the trial judge ordered the sale. Mrs. Bernhard appealed, objecting to the sale because it was without her consent. The Bernhard Court stated:
"The sole question to be decided is whether property held under a joint tenancy deed with the ... right of survivorship may be sold for division at the instance of one of the tenants over the objection of the other."
Bernhard, 278 Ala. at 242, 177 So.2d at 566. In other words, one joint tenant was attempting to dissolve the joint tenancy with right of survivorship by effecting a sale of the land to a third party over the objection of the other joint tenant. The Court held that both joint tenants had to agree in order to sever the joint tenancy. Id.
Later, in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), this Court overruled Bernhard. In Nunn, a husband and wife executed a deed creating a joint tenancy with right of survivorship between themselves and their grandson. The wife died, thereby leaving her husband and grandson as the remaining joint tenants. The husband remarried and, without the agreement of the grandson, executed a warranty deed conveying the land to himself and his new wife. That deed purported to create a joint tenancy with right of survivorship as to a one-half interest in the property. This Court held that the execution of the deed involving the new wife destroyed the joint tenancy with right of survivorship between Nunn and his grandson. Thereafter, the grandson was a tenant in common, owning a one-half interest in the property, while Nunn and his new wife owned their one-half interest as joint tenants with right of survivorship. Nunn, 289 Ala. at 524, 268 So.2d at 797.
Although Nunn was applied prospectively in Bringhurst v. Hardin, 387 So.2d 186 (Ala. 1980), Nunn was also held to apply to deeds created before the decision in Bernhard. Thus, what has been called the "Bernhard *872 window" was created. The Bernhard rule was to continue to apply to deeds creating joint tenancies with right of survivorship executed between the release of the Bernhard decision and the overruling of that decision by Nunn. The deed in this case was created within the "Bernhard window."
Although neither Bernhard nor Nunn dealt with the question of what constitutes consent on the part of the grantors where a third party is concerned, consent manifests itself in the signing of the deed by both joint tenants. The facts of the case before us are different from those of either Nunn or Bernhard because, in this case, there is no third party involved. Lonnie Carter, one of the joint tenants, attempted to convey his interest in the property in question to the other joint tenant, Grace Carter. She did not sign the deed, nor did she object, as did the wife in Bernhard. In fact, Grace Carter, as grantee, was the beneficiary of the action taken by Lonnie Carter, and, absent evidence tending to indicate otherwise, we find that in receiving the property from her husband, she, as grantee, impliedly agreed to the transfer.
We turn now to the case of Isom v. Bledsoe, 488 So.2d 1356 (Ala.1986), which implies a different result in a fact situation such as the one before us. In Isom, a husband and wife had held property jointly with the right of survivorship. The wife subsequently deeded her interest to her husband. He took no part in the transaction. Later, she sued his heirs, contending that her unilateral attempt to transfer her interest in the property was invalid. This Court held that the Isom deed creating the joint tenancy with right of survivorship was subject to the decision in Bringhurst v. Hardin, 387 So.2d 186 (Ala. 1980):
"The case before us is controlled by our decision in Bringhurst v. Hardin, 387 So.2d 186 (Ala.1980). In Bringhurst, as in the present case, a 1964 deed conveyed land to a married couple in `joint tenancy with right of survivorship.' The couple divorced in 1969, and the former wife took action to force a severance of the joint tenancy. This Court held in Bringhurst that our decision in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), applies retroactively to deeds executed before our decision in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). This Court in Nunn had reversed the Bernhard decision by holding that Alabama would recognize the common law of joint tenancy, with its right of survivorship, and with its destructibility of the right of survivorship by unilateral act."
Isom supra, at 1357.
Isom, involved a pre-Bernhard deed; therefore, according to Bringhurst, the joint tenancy with right of survivorship was subject to destruction by a unilateral act. This Court implied that it would reach a different result if the deed creating the joint tenancy had fallen within the "Bernhard window." The question of what constituted "consent" in a fact situation such as the one before us was not addressed. Because we find implied consent where the grantee is one of the joint tenant grantors, insofar as Isom implies a different result it is hereby overruled.
For the foregoing reasons, the judgment of the trial court is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
ALMON, J., concurs specially.
MADDOX, J., dissents.
ALMON, Justice (concurring specially).
I concur to reverse the summary judgment for the plaintiffs, but for reasons different from those stated in the majority opinion. I think the deed from the husband, Lonnie Carter, to his wife, Grace Carter, extinguished the joint tenancy with right of survivorship because it merged all of the interests in Grace Carter. I have reread the Nunn v. Keith line of cases, and I agree with Justice Adams that, under the holdings of Jackson v. Fillmore, 367 So.2d 948 (Ala. 1979), and Bringhurst v. Hardin, 387 So.2d 186 (Ala.1980), the indestructability rule of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), is to be applied to joint tenancies created after Bernhard was decided *873 in 1965 and before it was overruled by Nunn in 1972.[1] However, Bernhard does not address the effect of a deed from one joint tenant to the other, and a case following Bernhard, and prior to Nunn, recognized the efficacy of such a deed.
In Shrout v. Seale, 287 Ala. 215, 250 So.2d 592 (1971), Mr. and Mrs. Seale owned property jointly with right of survivorship.[2] In 1964, a judgment against Mr. Seale was recorded in the probate office. In 1966, Mr. Seale executed a warranty deed conveying his interest in the subject property to Mrs. Seale. In 1968, the sheriff levied on the property and sold it to Shrout. The Court held that, under the deed creating the joint tenancy, Mr. Seale "owned two different interests in the property, to wit: an undivided half interest for his life and a contingent remainder in the whole. Bernhard v. Bernhard, supra." 287 Ala. at 217, 250 So.2d at 593. The Court held that, because a life estate in an undivided one-half interest in property is subject to execution, the recording of the judgment created a lien on Mr. Seale's life interest, which then passed to Shrout when she purchased at execution. The Court also held that, because "[a] contingent remainder is not subject to levy and sale under execution," id., Mr. Seale's contingent remainder "was not subject to the judgment lien." 287 Ala. at 218, 250 So.2d at 594.
Then follows the crucial aspect of Shrout:

"Consequently, by the deed of February 15, 1966, Farmer Seale conveyed to Carolyn Seale his contingent remainder unencumbered by the judgment, as well as his life estate which was subject to the judgment lien. See Title 47, § 13 [Ala.Code of 1940] [`Who may convey lands by deed or will,' i.e., persons over 21 not under incapacity].
"`Even though the common law considered a contingent remainder to be an expectancy not assignable by deed to a stranger, such an interest could be released to the tenant in possession or the holder of the prior estate, or to the reversioner, so as to create in the latter a fee simple. Such a release operated not as a conveyance, but as an extinguishment. Thus, if two persons have the use of property for their joint lives, with a contingent remainder to the survivor of them, one of them may release to the other his interest in the property, present and future....' 28 Am.Jur.2d Estates, § 317."
287 Ala. at 218, 250 So.2d at 594 (emphasis added).
Therefore, I would hold simply that Lonnie Carter's 1970 deed to his wife Grace extinguished his interest in the property and that she held it thereafter in fee simple. I note that Isom v. Bledsoe, 488 So.2d 1356 (Ala. 1986), is consistent with this result. Isom follows the Bringhurst rule that a pre-1965 joint tenancy is not governed by Bernhard, and on that basis holds that a joint tenancy created in 1964 was severed by the wife's deed to the husband in 1969. In my view, Isom could equally well have been decided, to the same result, on the basis of the Shrout rule. I see no need to condition the holding in this case on the question whether Grace Carter consented to receive the deed from her husband. In a proper case a purported recipient could, of course, object that he or she did not consent to receive the property, but there is no indication Grace objected to the transfer, so I do not see the need even to raise the question.
MADDOX, Justice (dissenting).
I dissent in this case for the same reasons stated in my dissenting opinion in Jackson v. Fillmore, 367 So.2d 948, 952 (Ala.1979):
"I thought Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), had given Bernhard *874 v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), a decent burial; now, the majority resurrects it.
"In my opinion, Nunn applied retroactively. Justice Coleman, in his dissent in Nunn, argued that holders of survivorship deeds were entitled to rely on Bernhard as `defining the rights which the grantees received by such deeds.' 289 Ala. at 527, 268 So.2d at 801. Therefore, even though the Nunn opinion does not address its retroactivity, I think the dissent in Nunn leaves little doubt that the majority in Nunn intended for that decision to overrule Bernhard completely. Consequently, I dissent."
NOTES
[1] Jackson could be read as applying Bernhard to post-1965 deeds only if there is evidence that the parties specifically relied on Bernhard in creating the joint tenancy or in handling the property, but we do not need to reach that question here.
[2] The joint tenancy was created long before Bernhard, but the Court was not concerned with that question because Bernhard was the law when Shrout was decided. That is, there was no thought that the tenancy might have been destructible because it was created before Bernhard, as the Court would later hold under the Nunn/Jackson/Bringhurst rulings.