The defendants appeal from a summary judgment entered in favor of the plaintiffs, Wyman A. and Margaret Matthews and Dolly C. Etheridge. We reverse and remand.
In 1967, Lonnie E. Carter and his wife, Grace Nettles Carter, were issued a warranty deed conveying property "for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion." In other words, the Carters owned the property in joint tenancy with right of survivorship. On September 18, 1970, Lonnie Carter attempted to convey his interest in the property to his wife in fee simple. She did not sign the deed as a joint grantor.
Lonnie and Grace Carter are now dead, Grace Carter having predeceased Lonnie Carter. The Matthewses, who purchased the property from Dorothy Etheridge, the only heir of Lonnie Carter, have sued the Nettleses, the heirs of Grace Carter, in order to clear the title. The sole issue here (as stated by the appellees) is:
 "Whether the failure of Grace Nettles Carter to join in the conveyance of her husband's undivided one-half interest to her made the deed ineffective to convey her husband's entire interest in the property, including the contingent remainder and right of reversion set forth in the deed."
The original deed creating the joint tenancy with right of survivorship was executed in 1967; thus it was subject toBernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965), wherein this Court held that a joint tenancy with right of survivorship was indestructible without the consent of both tenants.
In Bernhard, an estranged husband and wife held property in joint tenancy with right of survivorship. The husband filed a bill seeking the sale of the property; the trial judge ordered the sale. Mrs. Bernhard appealed, objecting to the sale because it was without her consent. The Bernhard Court stated:
 "The sole question to be decided is whether property held under a joint tenancy deed with the . . . right of survivorship may be sold for division at the instance of one of the tenants over the objection of the other."
Bernhard, 278 Ala. at 242, 177 So.2d at 566. In other words, one joint tenant was attempting to dissolve the joint tenancy with right of survivorship by effecting a sale of the land to athird party over the objection of the other joint tenant. The Court held that both joint tenants had to agree in order to sever the joint tenancy. Id.
Later, in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), this Court overruled Bernhard. In Nunn, a husband and wife executed a deed creating a joint tenancy with right of survivorship between themselves and their grandson. The wife died, thereby leaving her husband and grandson as the remaining joint tenants. The husband remarried and, without the agreement of the grandson, executed a warranty deed conveying the land to himself and his new wife. That deed purported to create a joint tenancy with right of survivorship as to a one-half interest in the property. This Court held that the execution of the deed involving the new wife destroyed the joint tenancy with right of survivorship between Nunn and his grandson. Thereafter, the grandson was a tenant in common, owning a one-half interest in the property, while Nunn and his new wife owned their one-half interest as joint tenants with right of survivorship. Nunn,289 Ala. at 524, 268 So.2d at 797.
Although Nunn was applied prospectively in Bringhurst v.Hardin, 387 So.2d 186 (Ala. 1980), Nunn was also held to apply to deeds created before the decision in Bernhard. Thus, what has been called the "Bernhard *Page 872 
window" was created. The Bernhard rule was to continue to apply to deeds creating joint tenancies with right of survivorship executed between the release of the Bernhard decision and the overruling of that decision by Nunn. The deed in this case was created within the "Bernhard window."
Although neither Bernhard nor Nunn dealt with the question of what constitutes consent on the part of the grantors where a third party is concerned, consent manifests itself in the signing of the deed by both joint tenants. The facts of the case before us are different from those of either Nunn orBernhard because, in this case, there is no third party involved. Lonnie Carter, one of the joint tenants, attempted to convey his interest in the property in question to the other joint tenant, Grace Carter. She did not sign the deed, nor did she object, as did the wife in Bernhard. In fact, Grace Carter, as grantee, was the beneficiary of the action taken by Lonnie Carter, and, absent evidence tending to indicate otherwise, we find that in receiving the property from her husband, she, as grantee, impliedly agreed to the transfer.
We turn now to the case of Isom v. Bledsoe, 488 So.2d 1356
(Ala. 1986), which implies a different result in a fact situation such as the one before us. In Isom, a husband and wife had held property jointly with the right of survivorship. The wife subsequently deeded her interest to her husband. He took no part in the transaction. Later, she sued his heirs, contending that her unilateral attempt to transfer her interest in the property was invalid. This Court held that the Isom deed creating the joint tenancy with right of survivorship was subject to the decision in Bringhurst v. Hardin, 387 So.2d 186
(Ala. 1980):
 "The case before us is controlled by our decision in Bringhurst v. Hardin, 387 So.2d 186
(Ala. 1980). In Bringhurst, as in the present case, a 1964 deed conveyed land to a married couple in 'joint tenancy with right of survivorship.' The couple divorced in 1969, and the former wife took action to force a severance of the joint tenancy. This Court held in Bringhurst that our decision in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972), applies retroactively to deeds executed before our decision in Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965). This Court in Nunn had reversed the Bernhard decision by holding that Alabama would recognize the common law of joint tenancy, with its right of survivorship, and with its destructibility of the right of survivorship by unilateral act."
Isom supra, at 1357.
Isom, involved a pre-Bernhard deed; therefore, according toBringhurst, the joint tenancy with right of survivorship was subject to destruction by a unilateral act. This Court implied that it would reach a different result if the deed creating the joint tenancy had fallen within the "Bernhard window." The question of what constituted "consent" in a fact situation such as the one before us was not addressed. Because we find implied consent where the grantee is one of the joint tenant grantors, insofar as Isom implies a different result it is hereby overruled.
For the foregoing reasons, the judgment of the trial court is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
ALMON, J., concurs specially.
MADDOX, J., dissents.