L. CHARLES WRIGHT, Retired Appellate Judge.
Ethel M. Lane held fee simple title to a parcel of property in Mobile, Alabama. In September 1989 she conveyed that property to her brother, Reginal C. Bolton, and to her sister, Katherine Bolton Harvey, as joint tenants with right of survivorship, retaining a life estate in herself.
In February 1993, the three siblings conveyed the property by vendor’s lien deed to Robert and Lori Sheffield, conveying their collective title and reserving a vendor’s lien to secure the remaining indebtedness, evidenced by a promissory note payable to all three. It is not clear why Lane joined in the transaction after conveying her title to Bolton and Harvey, unless it was required by the Sheffields to release her life estate.
Lane died in January 1994, and Harvey died in April 1994. Bolton, the executor of Lane’s estate, filed a petition for final settlement of Lane’s estate. Among other things, the probate court found that Bolton became the sole owner of the promissory note securing the indebtedness on the property at issue.
James Bolton Harvey and John D. Harvey, executors of the estate of Harvey, filed a motion to alter, amend, or vacate the judgment, alleging that Harvey’s estate was entitled to one-half of the proceeds from the promissory note. The probate court denied the motion. Harvey’s executors appeal. This case is before us pursuant to § 12-2-7(6), Code 1975.
The conveyance of the property to the Sheffields effectively destroyed the joint ownership rights of survivorship title of Bolton and Harvey and effectively destroyed Lane’s life estate. Nettles v. Matthews, 627 So.2d 870 (Ala.1993); Ex parte Malone, 543 So.2d 1190 (Ala.1988); Swan v. Magnusson, 418 So.2d 844 (Ala.1982). At issue, therefore, is whether the vendor’s lien or the promissory note resurrected the original joint ownership with the rights of survivorship.
Section 35-4-7, Code 1975, provides that the ownership of the promissory note at issue is controlled by the intent of the parties. Marshall v. Nelson, 622 So.2d 889 (Ala.1993). In Marshall, our supreme court stated the following concerning § 35-4-7:
“The law is clear. If an instrument is unambiguous and complete on its face, then unless it is stated in the instrument that the joint tenancy is with right of survivorship or other words are used therein to show such an intention, the predeceasing joint tenant’s interest does not survive to the other joint tenant but descends and vests as if that interest had been severed and ascertained.”
*220 Harvey's executors argue that Harvey’s estate is entitled to one-half of the proceeds of the promissory note because the vendor’s lien deed and the note contained no specific designation that it was with a right of survivorship. They insist that the deed and the note were clear and unambiguous on then-faces.
The probate court found that the vendor’s lien deed and the promissory note, read in conjunction with each other, created an ambiguity concerning the intent of the parties. The probate court admitted parol evidence to explain the intent of the parties.
We find that the decision to admit the parol evidence was made in error. The instruments were “complete on [their] facets],” Parr v. Godwin, 463 So.2d 129 (Ala.1984), and they did not contain any right of survivorship language. Farmer v. Farmer, 455 So.2d 1 (Ala.1984); Ex parte Lovett, 450 So.2d 116 (Ala.1984).
Because there was no evidence on the face of the instruments that a joint tenancy with right of survivorship was intended, we find that Harvey’s estate is entitled to one-half of the proceeds of the indebtedness as secured by the promissory note.
The judgment of the probate court is reversed. The cause is remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.